## G. C. CLARY v. STATE.

### No. 1735.   Decided October 23, 1912.

### Rehearing denied November 20, 1912.

**1.—Forgery—Passing Forged Instrument—Charge of Court.**

Where defendant was prosecuted under an indictment containing two counts, one charging forgery and the other passing a forged instrument, and was adjudged guilty of forgery, it is unnecessary to pass on the court's chaige on the question of passing a forged instrument.

**2.—Same—Continuance—Want of Diligence.**

Where the process for the absent witness had been issued during the preceding term of court and the witness failed to appear at said term, this did not constitute diligence at the succeeding term; no additional process having been applied for.

**3.—Same—Witness Under Rule—Discretion—Harmless Error.**

Under Article 719, Code Criminal Procedure, the defendant has the right to demand that the witnesses be placed under the rule at any time while the evidence is being heard, and where defendant did make such request, the same should have been granted; however, where such failure of the court to comply with the request could not have affected the rights of the defendant, it is not reversible error.

**4.—Same—Argument of Counsel.**

Where the remarks of State's counsel were not such that should result in a reversal of the case, and no charge was requested to withdraw them, there was no reversible error.

**5.—Same—Charge of Court—Circumstantial Evidence.**

Where, upon trial of forgery, the evidence was direct, there was no error in the court's failure to charge on circumstantial evidence.

**6.—Same—Remarks by Judge.**

Where no bill of exceptions was reserved to the remarks by the judge, if made, there was nothing to review on appeal.

**7.—Same—Newly Discovered Evidence—Practice on Appeal.**

Where the evidence adduced on the new matter alleged in the motion for new trial was not reserved by bill of exceptions and not properly brought before the Appellate Court, the matter cannot be considered; besides, the testimony was not newly discovered evidence and was of an impeaching character.

**8.—Same—Sufficiency of the Evidence.**

Where, upon trial of forgery, the evidence sustained the conviction, there was no error.

Appeal from the District Court of Somervell.   Tried below before the Hon. W. J. Oxford.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Levi Herring,* for appellant.—On question of placing witnesses under the rule: Heath v. State, 7 Texas Crim. App., 464; White's Code Criminal Procedure, Article 699.

On question of court's charge: Crawford v. State, 31 Texas Crim. Rep., 51.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted under an indictment containing two counts, one charging forgery and the other passing a forged instrument. As appellant was adjudged guilty of forgery, it is unnecessary to discuss those grounds relating to the charge on passing a forged instrument.

There was no error in overruling the application for a continuance as qualified by the court, the court stating that the process had been issued for the witness at the preceding term of court and the witness had failed to appear, and the application for a continuance on account of this witness then acted on, and that no additional process had been applied for nor issued since the preceding term of the court.

In the next bill it is contended that the court erred in not enforcing the rule as to the witnesses when applied for by defendant. The court in approving the bill states that when the witnesses were sworn he asked if it was desired that the witnesses be placed under the rule, and no request was made, but that subsequently the defendant did make the request. We will state that when the request was made it should have been granted, as Article 719 of the Code of Criminal Procedure gives to the defendant the right to make this demand at any time while the evidence is being heard. While our decisions all hold this is a matter within the sound discretion of the court, yet it is not an arbitrary discretion of the presiding judge. It is a right given by law to a person on trial; and if the evidence was such that any injury could have or possibly did result to the defendant, we would feel impelled to grant a new trial. However, in this case the testimony of the witnesses Milam and Johnson on direct examination could not have possibly been affected by the failure of the court to comply with the request, for they later testified to independent facts, and one in no ways supported the other, they merely testifying to different features of the same offense. In rebuttal, a son of the prosecuting witness was called, but he testified to no facts about which his father or Mr. Milam testified on direct examination, and we fail to see how any injury could or did result to defendant. Consequently, while the court was in error in refusing to grant the request, it is not such error as would or should result in a reversal of the case. McMillan v. State, 7 Texas Crim. App., 142, and cases collated in Sec. 767 of White's Ann. Proc.

In another bill complaint is made of the language of the district attorney in his address to the jury. No charge was requested in regard thereto, and the remarks are not such that should result in a reversal of the case if improper, about which fact we are not inclined to agree with appellant's counsel. Pierson v. State, 18 Texas Crim.

App., 524; Thomas v. State, 33 Texas Crim. Rep., 607, and other cases cited in Buckley's Digest, p. 81, et seq.

The court did not err in refusing to charge on circumstantial evidence. The appellant admitted he signed his name to the note and then claimed he carried it to the prosecuting witness, who authorized his name to be signed to it. This the prosecuting witness denied. The issue was, did the prosecuting witness authorize his name to be signed to the note? Appellant testified that the witness did authorize it to be done. The State's evidence was that no such authority had been given, consequently a charge on circumstantial evidence was not called for. Branch's Crim. Law, Sec. 203.

If the court made the remarks stated in the motion for new trial, no bill of exceptions was reserved, consequently it is not presented in a way we can review the matter.

The evidence adduced on the new matter alleged in the motion for a new trial was not reserved by a bill of exceptions, and is simply copied in the transcript, signed by neither the district attorney nor the attorney for appellant. Court adjourned on November 23rd, and this paper bears file marks of date December 23rd, thirty days after adjournment, consequently it is not presented in a way we can consider it under the law. (Probest v. State, 60 Texas Crim. Rep., 608.) However, should be consider this testimony, it would present no grounds for a new trial. In the first place, it appears that the witness Sullivan was present and testified on the trial of the case. It also appears that the witness Wilson was in attendance on court, but was not placed on the witness stand. It has been frequently held by this court that when a witness has been subpoenaed, attends court, and is not placed on the witness stand, such diligence is not  ̄sed as would authorize a new trial. (Powell v. State, 36 Texas Crim. Rep., 377.) If the witness would testify as stated, such testimony would only tend to impeach the testimony of the witness Gibson, and would be no affirmative fact, consequently presents no ground for a new trial under our decisions. (Barber v. State, 35 Texas Crim. Rep., 70.)

We have carefully reviewed the entire case, and are of the opinion the judgment should be affirmed, for the State's evidence, if true, presents a strong case.

The judgment is affirmed.          *Affirmed.*

[Rehearing denied November 20, 1912.—Reporter.]