STAPLETON v. TRUSSELL et al.
(No. 8645.)

(Court of Civil Appeals of Texas. Ft. Worth. May 19, 1917.)

1. SCHOOLS AND SCHOOL DISTRICTS ⬡80(2)— ERECTION OF SCHOOLHOUSES—ACCEPTANCE OF BIDS.

Vernon's Sayles' Ann. Civ. St. 1914, art. 2844, authorizing school district trustees to contract for the erection of buildings, etc., does not arbitrarily require that the lowest bid be accepted.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 192.]

2. SCHOOLS AND SCHOOL DISTRICTS ⬡62— ACTION AGAINST TRUSTEES—SUFFICIENCY OF PETITION.

A petition, alleging that a tax had been levied for building a schoolhouse, and that the school district trustees had not accepted the lowest bid, is insufficient, since Vernon's Sayles' Ann. Civ. St. 1914, art. 2844, authorizing them to contract for erecting buildings, etc., does not arbitrarily require acceptance of the lowest bid, nor does the petition show that the tax had been collected, or any amount paid from its proceeds.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 145–148, 158, 160, 305.]

3. SCHOOLS AND SCHOOL DISTRICTS ⬡62— ACTION AGAINST TRUSTEES—COMPLAINT.

In an action against school trustees for not accepting the lowest bid for a schoolhouse, an answer of two trustees, that they had delegated to a third defendant the authority to receive bids, does not render him individually liable to them, since there is no allegation that he took any action, or that, if he did so, he acted in bad faith as to his codefendants.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 145–148, 158, 160, 305.]

Appeal from Wise County Court; J. W. Walker, Judge.

Action by Brandon Trussell and others against A. Stapleton and others. From a judgment for plaintiffs, and for certain defendants against the named defendant, the named defendant appeals. Reversed and remanded.

McMurray & Gettys, of Decatur, for appellant. Ratliff & Spencer, of Decatur, for appellees.

CONNER, C. J. This appeal is from the judgment of the county court rendered in a de novo trial on appeal from a justice court. The judgment rests upon the following pleadings, which are in writing. Omitting formal parts, the plaintiff's petition is as follows:

"Comes now Brandon Trussell, county superintendent of Wise county, Tex., for and on behalf of common school district No. 67, and J. F. Conley, G. A. Kincaid, and G. L. Sewell, resident property taxpaying voters of said district, for and on behalf of said district, and common school district No. 67 of Wise county, Tex., hereinafter styled plaintiffs, complaining of A. Stapleton, W. A. Claburn, and Harve Farrington, trustees of district, hereinafter called defendants, and for cause of action herein would with respect show to the court as follows, to wit:

"(2) That plaintiffs and defendants are all residents of and domiciled in Wise county, Tex. That plaintiff common school district No. 67 is a corporation by virtue of the laws of Texas.

"(3) That said district voted a 50-cent tax for the purpose of the building and erection of a schoolhouse in said district; and that the said schoolhouse was to be built and the contract given to the party or parties offering the lowest bid in response to the advertised invitation to send in bids. That said advertisement was made and bids received by the trustees defendant herein.

"(4) That the said trustees received bids ranging from $137.50 up to $275. That all bids were properly sealed and received by the said trustees, but that the said trustees, wholly disregarding the interests of said common school district, and their advertised invitation to set the contract for said building to the lowest bidder, accepted the bid of $250, disregarding the bids of all others, and especially the lower bids.

"(5) That by reason of said trustees accepting the contract bid of $250 in preference to the lowest bid of $137.50, and having paid the contractor under the bid the sum of $250, the said school district has suffered a loss of $112.50; all of which is due to the acts of the said trustees, as aforesaid.

"(6) Wherefore, premises considered, plaintiffs pray that they have judgment against the said trustees for and on behalf of the said common school district in the sum of $112.50, and the common school district prays judgment for said sum, and for such other and further relief as they may be entitled to in law and equity, and they will ever pray."

In the justice court the defendants filed the following original answer, which presumably was also urged in the county court:

"(2) That plaintiffs have no right to institute this suit.

"(3) That plaintiff school district has not been injured and has paid out nothing herein.

"(4) Defendants enter general denial and demand strict proof."

⬡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

In the county court the following further answer was noted upon the trial court's docket:

"W. A. Claburn and Harve Farrington enter a general and special denial, and further, that they, and each of them, say that they delegated to defendant Stapleton authority and power to receive said bids, and they ask that any judgment that may be rendered against them, that they have judgment over and against the said A. Stapleton."

The judgment appealed from was in favor of common school district No. 67 for $112.50, as prayed for, with a further judgment in favor of the defendants W. A. Claburn and Harve Farrington over against the defendant A. Stapleton, in accordance with the prayer of their special plea.

[1-3] Numerous objections to the proceedings below are presented, but we deem it sufficient to say that in our opinion the pleadings of the parties are wholly insufficient to authorize the judgment rendered. By a reference to chapter 15 of title 48 of Vernon's Sayles' Texas Civil Statutes relating to the subject of education, it will be seen (article 2844) that:

"The trustees of a school district shall contract for the erection of the buildings and superintend the construction of the same; and the county superintendent shall draw his warrant or warrants upon the school fund so appropriated only upon the accounts first approved by them."

So doubtless the trustees complained of in this action had the power, under the law, to advertise and receive bids for the erection of a schoolhouse in common school district No. 67; but there is nothing in the law that arbitrarily requires such board to accept the lowest bid that may be received. As specified in the law, their power in making such contracts is general, and in the absence of limitations they are required merely to act faithfully and in the exercise of their best judgment so as to best serve the interest of their district. It is nowhere alleged in the petition under consideration that in the action of the trustees complained of the board, or any member thereof, acted corruptly or in bad faith, nor is it alleged in the petition that the person who presented the lowest bid of $137.50 was one whose bid it would have been wise to accept. For aught that appears in the petition, he may have been insolvent or unable to give approved security for the performance of his contract, or in bad repute as a workman, or that for some other sufficient reason the trustees in the exercise of their best judgment deemed it for the interest of the district that the bid should be rejected. The bid of $250 that was accepted, for aught that appears in the petition, may have been the lowest responsible bid that was presented. So that, as indicated, the mere fact—and this is all that is alleged—that the trustees did not accept the lowest bid, is insufficient to establish a liability against them.

It is to be further noted that, while the petition alleges that a "fifty-cent tax" for the purpose of building a schoolhouse had been levied, it does not allege the prerequisites to a valid levy, nor that in fact any tax had ever been collected by virtue thereof, or that the amount paid the contractor was out of the proceeds of such levy or out of other funds belonging to the district and chargeable thereto. So, if it be admitted that the remaining trustees could avoid the responsibility placed upon them by the law and wholly commit to the defendant Stapleton the determination of what bid to accept, such trustees can have no right of action against Stapleton in the absence of an allegation of some state of facts that would make him liable to them. In the answer of the defendants Claburn and Farrington, no fact is alleged except the fact that they delegated to the defendant Stapleton the authority and power to receive bids. It is not alleged that Stapleton received a bid, or took any action in the manner, or that, if he did so, he acted in bad faith in falsely representing the bids to secure their later approval. Or if it be said that the answer is to be construed in the light of the plaintiff's petition and to have been amplified thereby, yet, as we have already seen, the petition itself is wholly deficient in an allegation of bad faith at least on the part of Stapleton.

We conclude that the judgment must be reversed, and the cause remanded, and it is so ordered.