W. G. CLARK v. THE STATE.

No. 5261.   Decided April 2, 1919.

1.—Damaging Railroad Track—Practice on Appeal.

Although appellant has not filed a motion for new trial this court has nevertheless considered the record as though a motion had been filed.

2.—Same—Motion to Quash—Indictment.

Where the record was silent as to whether the motion to quash the indictment was ever presented to the court below, the same cannot be considered on appeal.

3.—Same—Charge of Court—Motion for New Trial—Practice on Appeal.

In the absence of a motion for new trial or raising any objection to the charge of the court, it must be presumed that the same was sufficient.

4.—Same—Validity of Statute—Motion In Arrest of Judgment.

In the absence of an objection pointing out the unconstitutionality of the statute, the motion in arrest of judgment was properly overruled.

### 5.—Same—Statement of Facts—Bills of Exception—Transcript.

While the record might be construed that the statement of facts and bills of exception were filed too late for consideration, yet there appearing some confusion in the various orders of the trial court extending the time for filing, etc., this court has considered the same.

### 6.—Same—Witness Under Rule—Bill of Exceptions—Discretion.

The question of enforcing the rule and excusing witnesses from the rule is confided to the sound discretion of the trial court, and unless abuse is shown, the matter will not be revised, and where it appeared that no possible injury resulted in allowing the sheriff to testify there was no reversible error; besides, the bill of exceptions were defective. Following Banks v. State, 62 Texas Crim. Rep., 552,. and other cases.

### 7.—Same—Evidence—Declarations by the Defendant—Confession.

Where it appeared from the record on appeal that the defendant was not in custody when he made the written and oral statements which were introduced in evidence, there was no reversible error.

### 8.—Same—Corpus Delicti—Sufficiency of the Evidence—Rule Stated—Confessions.

It is the settled law of the State, that the confessions of one accused of crime or his connection therewith, will justify his conviction when the facts making out the substantive crime have been shown otherwise (Attaway v. State, 35 Texas Crim. Rep., 403, and other cases) but in the instant case defendant's confession was sufficiently corroborated by other evidence. Following Harris v. State, 64 Texas Crim. Rep., 594, and other cases.

### 9.—Same—Motion for New Trial—Rehearing—Attorney and Client.

Where appellant was represented in the trial court by a different attorney than the one who appeared in this court, the contention that errors committed in the admission of evidence to which no objections were made can now be heard in this court although a motion for new trial was not filed, is untenable; the proceeding being free from fraud or táint of unfair dealings.

Appeal from the District Court of Taylor. Tried below before the Hon. Joe Burkett, judge.

Appeal from a conviction of injuring railroad track, etc., penalty, six years imprisonment in the penitentiary.

The opinion states the case.

*Stinson & Chambers,* for appellant.—On question of insufficiency of the evidence and defendant's confession: Nolan v. State, 60 Texas Crim. Rep., 5, 129 S. W. Rep., 1108.

*E. A. Berry,* Assistant Attorney General, for the State.—On question of witness under rule: Ryan v. State, 64 Texas Crim. Rep., 628, Smith v. State, 70 id., 62; Ward v. State, 70 Texas Crim. Rep.. 393, 159 S. W. Rep., 272; Hope v. State, 165 S. W. Rep., 318 Collins v. State, 77 Texas Crim. Rep., 156, 178 S. W. Rep., 345.

On question of bill of exceptions: Best v. State, 164 S. W. Rep., 996.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Taylor County for a violation of the provisions of Article 1229 P. C., which forbids any person in any way injuring or damaging any railroad track in such manner as to endanger the lives of any person, and his punishment was fixed at confinement in the penitentiary for a term of six years.

It appears that on the night of December 13, 1915, someone removed various spikes, fishplates and angle bars from portions of the track of the Wichita Valley Railway Company in Taylor County, Texas, in such manner as to cause a wreck of the passenger train the next morning. These facts are fully testified to by a number of witnesses without contradiction. In a short time after the wreck the sheriff of the county found a fresh buggy track in a field adjacent to the place of the wreck, and trailed same back to Abilene, and testified as to the tracks of the horse apparently pulling the buggy, and described them minutely. It was also shown that appellant owned a buggy and horse, whose tracks were similar to those accompanying the buggy tracks from the scene of the wreck. The section foreman testified that a claw bar, such as was used for pulling spikes out of crossties, was missing from among his tools just before the time of the wreck. Various statements, oral and written of the appellant, were introduced in which he fully stated he was induced by one Felix Jones to assist and accompany him in the matters leading up to and surrounding the removal of the spikes, fishplates and angle bars of the railway track. It is said, among other things, that he went with Jones down to where he got the tools and hauled them out to the place in his buggy, and kept watch for him while he was doing the work, also stating that Jones told him he was going to fix the track so there would be a wreck, and that he was going to be on the train and claim to be hurt, and would sue the company and get a good sum for damages out of which he would give the appellant one thousand dollars. Appellant's testimony was for the purpose of establishing an alibi, and he denied having anything to do with the wreck, but claimed that he had been trying to get in with Jones, and wanted to assist in catching Jones. It was in evidence that Jones was a notoriously bad man who had been tried and convicted for murder. It was also in proof that Jones was on the train the next morning after the removal of the parts of the railroad track. and was in the wreck and claimed to have been hurt, and sued the railway company for damages, but failed to recover.

Appellant has filed no motion for a new trial, but we have as fully considered the statement of facts and other matters contained in the record as if such motion had been on file.

A motion was filed to quash the indictment, but owing to the fact that the record is silent as to whether same was ever presented to the court we can not consider same.

No exceptions were taken to the charge of the court, and the only two special charges which were asked by appellant having been given, and there being no motion for a new trial raising any objections to the charge, we presume the same sufficiently presented the law of the case, and observe no error therein.

A motion in arrest of judgment was made questioning the constitutionality and validity of the statute under which the prosecution was had. No specific objection is pointed out, and we think the motion was properly overruled.

There appears some confusion in the various orders of the trial court extending the time for filing bills of exception and statement of facts, one construction of which would make it appear same were filed too late for consideration. The record does not show when the trial court adjourned, but the trial ended August 21st, and the motion in arrest of judgment was overruled August 23rd, and an order then entered giving thirty days after adjournment for filing bills of exception and statement of facts. On September 16th following the court made an order giving appellant "thirty days additional in which to file statement of facts and bills of exception." On October 11th the court made another order specifically granting thirty days addition from and after September 16, 1918, within which to file bills of exception and statement of facts. This last order would seem to make the time expire October 16, 1918, but we cannot understand why the need for three orders extending such time for filing. It is clear if the court adjourned in late August, giving thirty days time, and on September 16th made another order granting thirty days additional time, and on October 11th made another order which only gives thirty days from September 16th, this last order would be a curtailment of the time granted by the order of September 16th. In this condition, and the bills of exception and statement of facts being filed on November 4th, we have considered same.

Appellant's bill of exception No. 1 raises the question of the court allowing the sheriff of El Paso county, Mr. Orendorff, and the witness J. B. Dooley, to remain in the courtroom during the trial and after the rule had been invoked, it being set forth in said bill as reasons for such objection that each of said witnesses swore to alleged statements of appellant, for the contents of which reference is made to the statement of facts. It is a well settled rule of this court that a bill of exceptions must be complete in itself without the necessity of a reference to any other part of the record. Banks v. State, 62 Texas Crim. Rep., 552; Campbell v. State, 63 Texas Crim. Rep., 595, 141 S. W. Rep., 232; Harrison v. State, 69 Texas Crim. Rep., 29, 153 S. W. Rep., 139.

The matter of excusing a witness from the rule is one confided to the sound discretion of the trial court, and unless it appears from the bill that such discretion has been abused, the action of the

court below will not be revised. In this case appellant himself seems to have admitted making the statement referred to in said bill, and we can see no possible injury resulting in allowing the sheriff of El Paso county to testify in the hearing of another witness, that he was called to sign as a witness a written statement, the contents of which he did not know, and in allowing said other witness to testify in the presence of the sheriff, that he wrote out the statement which the sheriff was called to witness. Clary v. State, 68 Texas Crim. Rep., 290, 150 S. W. Rep., 919.

There is no merit in appellant's second bill of exceptions to the court's action in allowing in evidence the statement, both written and oral, made by appellant. He was not in custody, nor under restraint or arrest, and it is not so claimed by the appellant. Some of the statements were made to private citizens, and some to officers, but at the time of making them appellant was a witness in another case, and appeared to be lounging around the sheriff's office and talking very freely. The materiality of the statements is evident on their face.

There appears in the record certain assignments of error, in a separate document, but they only relate to what has already been discussed herein.

We have gone through this record with the greatest care and are unable to discover any reversible error, and the judgment of the trial court is affirmed.

*Affirmed.*

ON REHEARING.

April 2. 1919.

LATTIMORE, JUDGE.—This case is before us on appellant's motion for rehearing.

It is urged therein that the evidence does not establish the corpus delicti. The appellant was charged with wrecking a train under article 1229 P. C. The proof was ample and uncontroverted that there was a wreck of a train at the time alleged in the indictment and that the same was caused by the removal of fishplates, angle bars and spikes which held the rails together, and fastened them to the crossties. The wreck being shown, and that it occurred through the criminal agency of some one, but one question remained to be proven, to-wit, appellant's guilty connection therewith. It is the settled law of this State that the confession of one accused of crime, or his connection therewith, will justify his conviction when the facts making out the substantive crime have been shown otherwise. Attaway v. State, 35 Texas Crim. Rep., 403; White v. State, 40 Texas Crim. Rep., 366; Sullivan v. State, 40 Texas Crim. Rep., 633; Landreth v. State,

44 Texas Crim. Rep., 239. If the rule required that there be corroboration of the confession as to the fact of appellant's guilty connection with the act shown by other evidence to be criminal, we should still be compelled to hold the evidence sufficient in this case. Willard v. State, 27 Texas Crim. App., 386; Kugadt v. State, 38 Texas Crim. App., 681; Barrett v. State, 55 Texas Crim. Rep., 182; Harris v. State, 64 Texas Crim. Rep., 594.

This court recognized in its former opinion the fact that the record was before us without motion for new trial but nevertheless every point in the case was carefully scrutinized and passed upon by the court. The appellant was represented in the trial court by a different attorney than the one who appeared here for him and it is now urged that many errors were committed in the admission of evidence to which no objections were made; and counsel now representing the appellant asks this court to reverse this case because of these errors. No cases are cited in the motion and none are known to the court in which it is held that this is cause for reversal. When one employs an attorney of his own choice and in an action free from any fraud or taint of unfair dealing loses his case before the court or jury, it has never been held, as far as we know, that thereby the loser gains the right to another trial. None of the matters so complained of appear to the court to materially affect the result of the trial.

No reversible error being pointed out in our former opinion, the motion for rehearing is overruled.

*Overruled.*