# APRIL 19, 1939

A. Y. Brown v. The State.

No. 20366. Delivered April 19, 1939.

The opinion states the case.

*Alfred M. Clyde,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

Krueger, Judge.—The offense is rape; the punishment assessed is confinement in the state penitentiary for a term of ten years.

The record discloses that both parties involved are negroes; that on the night of June 24, 1938, the prosecutrix and Emma D. Gaffney met Fred Thomas and the appellant at Harlem Inn

in the City of Fort Worth. From there the four went to a dance where they stayed until midnight or later and then started home. On their way, appellant got out of the car near the Harlem Inn, which was only a short distance from where Emma Gaffney and the prosecutrix lived. After Thomas had taken the women home, he drove down to a filling station a short distance from the home of Emma Gaffney and parked. After reaching home, Emma immediately retired, but prosecutrix sat on the side of the bed and talked for a while, and then started to go to an outside toilet. Just as she got to the toilet, appellant grabbed her, dragged her into an alley and by force raped her. Prosecutrix resisted with all her might and screamed, but without avail. Some of the neighbors heard a woman screaming, but made no effort to investigate the cause of it. As soon as appellant released her, prosecutrix ran to the filling station and reported the matter; she then returned home and told Emma Gaffney of the occurrence. Fred Thomas, who was at the filling station at the time, testified that prosecutrix came there crying and that her face and neck bore marks of violence. Appellant denied that he had had intercourse with prosecutrix. He testified that on the way home from the dance, he and prosecutrix occupied the rear seat of the automobile; that at that time he made an arrangement with her to meet him at or near the toilet for the purpose of having sexual intercourse, and for which he was to pay her $2.00. That after he had given her the $2.00 in the alley, prosecutrix started to leave without carrying out her agreement; that he caught her and when she refused to give back the money, he beat her. From the foregoing, it will be noted that an issue was raised which the jury decided adversely to appellant's contentions. We deem the evidence sufficient to sustain the jury's conclusion of appellant's guilt.

By bill of exception number one, appellant complains of the action of the trial court in permitting the district attorney to recall prosecutrix and Fred Thompson to give testimony in rebuttal to that given by appellant. The objection urged thereto was that the witnesses, while under the rule, had conferred with the district attorney in the presence of two officers, who had given testimony in behalf of the State. The court, in his qualification to the bill, states that the officers were excused from the rule; that the district attorney only asked the witness, Thompson, questions relative to a certain lamp in his car which belonged to appellant, and as to whether the prosecutrix returned to the car after the commission of the alleged offense. The bill fails to show that prosecutrix gave any testimony in

rebuttal. The bill is too vague and indefinite to require consideration by this court. However, it is well settled in this State that the enforcement of the rule as to witnesses is for the sound discretion of the trial court, and unless it is made to appear from the record that the court abused his discretion in the matter, we would not feel authorized to reverse the case. See Cole v. State, 165 S. W., 929 and Sec. 344, Branch's Ann. P. C. and authorities cited.

Bill of exception number two reflects the following occurrence. After Fred Thompson had testified for appellant relative to illicit relations he had had with the prosecutrix, subsequent to the time of the alleged offense; he was recalled by the State and asked if appellant had helped him get out of an assault to rape case, to which the witness answered: "No, he was not with me. He did not know me at that time." Appellant objected on the ground that he had become the State's witness and the State could not, under the law, impeach him. The court in his qualification to the bill states that the witness was recalled by the State for further cross-examination. It is a settled rule that the State has a right to recall a witness for such purpose. See Branch's Ann. P. C. Sec. 354 and authorities.

Bill of exception number three complains of certain argument of the district attorney. The court, in his qualification of the bill, states that such argument was not made. Hence the bill fails to reflect error.

Other matters complained of by appellant have been examined by us and are deemed to be without merit.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.