

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS    March 27, 1939

ATTORNEY GENERAL

See Letter Opinion Book No. 188
Page 619, July 14, 1914, Bd. of
Trustees of ISD are not required
to advertise for bids for the
erection of school houses built
under their supervision

Honorable T. M. Trimble
First Assitant State Superintendent
Austin, Texas

Dear Sir:

Opinion No. 0-525**
Re: Whether trustees of common school
district may award a building con-
tract without advertising for bids.
(See note below)

We are in receipt of your letter of March 17, 1939, wherein you
request our opinion in response to the following questions:

"May the trustees of a common school district legally let a building con-
tract against the bond fund without first having advertised for bids?  If the
trustees are not permitted to do this, what would be the required kind of
advertising?"

The authority for the trustees of common school districts to make
such contracts is found in Article 2752, Revised Civil Statutes, which reads
as follows:

"The trustees of a school district shall contract for the erection of the
buildings and superintend the construction of the same; and the county sup-
erintendent shall draw his warrant upon the school fund so appropriated
only upon the accounts first approved by them.  No mechanic, contractor,
material man, or other person, can contract for, or in any other manner
have or acquire any lien upon the house so erected or the land upon which
the same is situated; and all contracts with such parties shall expressly
stipulate for a waiver of such lien."

It will be noted that same contains no requirement for the trus-
tees to submit such contracts to competitive bidding.  Article 2368a,
Revised Statutes, makes requirements of that nature pertaining to certain
contracts of cities and counties (the latter acting through their commission-
ers' courts), but neither that statute nor any other makes any such provi-
sion relative to the contracts mentioned in your inquiry.

----
** Note: See Letter Opinion Book 188, Page 619.  Board of trustees of in-
dependent school districts not required to advertise for bids for the
erection of school houses built under their supervision.  July 14, 1914.

The nearest case in point which we have been able to find is that of Stapleton v. Trussell, 196 S.W. 269. Therein the trustee had advertised for bids but had not let the contract to the lowest bidder. After quoting the above Article 2752, the Court said:

"So doubtless the trustee complained of in this action had the power, under the law, to advertise and receive bids for the erection of a schoolhouse in common school district No. 67; but there is nothing in the law that arbitrarily requires such board to accept the lowest bid that may be received. As specified in the law, their power in making such contracts is general, and in the absence of limitations, they are required merely to act faithfully and in the exercise of their best judgment so as to best serve the interest of their district."

In Wright v. Jones, 120 S.W. 1130, it was held that the trustees of an independent school could appoint a committee to let such a contract, the board of trustees authorizing and adopting the same.

There is no need to answer your second question, since we answer your first in the affirmative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Glenn R. Lewis

Glenn R. Lewis
Assistant

GRL:N:egw

APPROVED:
/s/ W. F. Moore
FIRST ASSISTANT
ATTORNEY GENERAL