**MEDRANO et ux. v. CITY OF EL PASO.**

No. 4695.

Court of Civil Appeals of Texas. El Paso.
Jan. 18, 1950.

Rehearing Denied Feb. 15, 1950.

Cunningham & Ward, El Paso, for appellants.

R. Neill Walshe, El Paso, for appellee.

SUTTON, Justice.

This appeal is from the 65th District Court of El Paso County. The trial was to the Court and jury. The case was submitted on a lone special issue on the answer to which the Court rendered judgment and the plaintiffs being dissatisfied with the verdict and judgment have appealed.

J. S. Medrano and his wife filed the suit against the City to recover damages sustained to their residence and property situated on South Latta Street within the city of El Paso. The damage resulted from the construction of a large drainage canal or ditch along Latta Street in front of plaintiffs' property, which canal appropriated a very great part of the street. In addition to taking the street plaintiffs allege a portion of their side walk was also torn up and destroyed. They sought damages in the sum of $7,500.00.

The City answered with a cross-action wherein it sought to condemn that portion of Latta Street adjoining plaintiffs' property and asked that the damages be assessed. The issue submitted called for the amount of damage, which was fixed by the jury in the amount of $875.00.

The plaintiffs brief six points of error and say the court erred in admitting in evidence the rendition sheet executed by plaintiff, J. S. Medrano, on April 30, 1947, for city taxes; that the court erred in refusing counsel permission to make a closing argument; in declining to permit the jury to take into the jury room a bottle of water taken from the canal in front of plaintiffs' property introduced in evidence; in permitting witnesses to remain in the court room after plaintiffs had sought to invoke the rule; that the jury committed error in fixing the damage at $875.00, because plaintiffs say the same is grossly inadequate, and because the damages fixed is contrary to the preponderance of the evidence and justice was not given plaintiffs as a result of the damage fixed.

■ This case was tried on June 6, 1949. On the trial of the case the City called J. S. Medrano and had him identify his signature to a 1947 City Tax Rendition, and afterwards called its Deputy Tax Assessor and had him identify the rendition and thereupon introduced it in evidence, to which the plaintiffs expected and objected as being too remote, irrelevant and immaterial. There are a long line of cases holding tax renditions are admissible in condemnation proceedings as declarations and admissions against interest (Aue v. State, Tex.Civ.App., 77 S.W.2d 606 (e. r.) and the cases there cited). See also Abramson v. City of San Angelo, Tex.Civ. App., 210 S.W.2d 476, and the list of cases there cited. The conditions obtaining at the time the renditions were made and the circumstances under which they were made were mere explanations of the rendition rather than reasons for the exclusion of the testimony. State v. Doom, Tex.Civ.App., 278 S.W. 255, cited in Aue v. State, supra. On the basis of these authorities the point is overruled.

■ One counsel for plaintiffs, Mr. Ward, opened the case on the argument and argued from the evidence the amount of damage should properly be fixed at $3,500.00, and pointed out that one of the City's expert witnesses was employed by the City to obtain and acquire property on the flood control project and was acting in the interest of the City and undertaking to obtain the property as cheaply as possible and was from the nature of things biased

and prejudiced, but that the three experts on values produced by the plaintiffs were in a better position to give their opinions on the value, and concluded: "Gentlemen, I hope that you will just consider the evidence that has been brought in here, and value it as you see fit, but just whatever you all say, we will be satisfied with, because that is what we are here for. We want you all to tell us what it is. Thank you all."

The Assistant City Attorney arose and said: "If the Court please, I agree with the closing statement and waive argument."

Another of plaintiffs' attorneys, Mr. Cunningham, thereupon proposed to argue the case further and was by the Court refused. Plaintiffs admit when a case is opened by a plaintiff and the defendant waives argument it is within the discretion of the Court to refuse further argument, but say the statement made by defendant's attorney was an argument and it was error to refuse further argument. With this we do not agree and conclude the Court was acting within the scope of his discretion.

■ Plaintiffs next complain the court erred in refusing their request to send to the jury room with the jury and other exhibits, their exhibit No. 34, which was a bottle of water taken from the ditch in front of plaintiffs' property. The plaintiff, J. S. Medrano, testified he had filled the bottle from the ditch; that it had frogs, tadpoles and scum in it, and the ditch was two feet deep. The bottle was admitted without objection and identified and placed on the Reporter's desk for a time and then removed by the Court and placed under his bench. The City Planning Engineer testified the bottom of the ditch is lower than the Rio Grande River and that water will stand in it from year to year unless the river is at a very low stage, and that stagnant water will breed mosquitoes unless treated.

Plaintiffs insist under Rule 281, T.R.C.P. they were entitled to have this exhibit go with the others with the jury and the denial thereof was injurious to them, because it had to do with the condition obtaining in the ditch and was material. They insist the jury were entitled in their deliberations to have the privilege, if they so desired, to see and smell the contents of the bottle.

We think there is no reversible error, if error at all, presented here, notwithstanding the bottle might have been properly sent to the jury. All the plaintiffs claim they expected to get from the bottle in the hands of the jury during the deliberations was testified to; as heretofore noted, and that testimony stands undisputed. Texas Employers Ins. Ass'n v. Applegate, Tex. Civ.App., 205 S.W.2d 412; Dallas Ry. & Terminal Co. v. Orr, Tex.Sup., 215 S.W.2d 862, 865, page 866.

■ We think there is no reversible error in the action of the court in declining to place the witnesses under the rule when requested by the plaintiffs. Plaintiffs went to trial and opened their case without invoking the rule. Plaintiff Medrano had testified and the testimony of two of their witnesses had been taken when two witnesses for the City appeared. Plaintiffs at that juncture asked that the rule be invoked and the request was declined to which they excepted. Only the plaintiff, J. S. Medrano, had been present in the court room. Neither of the other two witnesses had been in the court room but were out in the hallway and did not hear the testimony given. Three witnesses for the City remained in the court room and heard the testimony offered by plaintiffs after Medrano and his two witnesses on value had testified. Mr. Stockwell was the City Planning Engineer, Mr. Cottle a real estate broker, who was also the procurement agent for the City in acquiring property for the project constructed on Latta Street, and Mr. Broaddus a real estate broker. Broaddus and Stockwell heard the testimony of Cottle and Broaddus heard that of Stockwell. Plaintiffs do not complain about any testimony given by these witnesses, nor do they undertake to say in what way, if any there was, they were prejudiced or otherwise injured by the refusal of the Court to respect the rule.

Rule 267, R.C.P., merely provides the witnesses may be sworn and removed out of the court room. The provision is directory and not mandatory. Such has been the interpretation of Arts. 644 and 647, C.C.P., from which the rule is taken. Hahn v. State, 13 Tex.Cr.R. 409, 165 S.W. 218, at page 221.

The application of the rule rests in the sound judicial discretion of the trial Court, and that discretion will not be reviewed on appeal unless it appears there has been a manifest abuse thereof. (The case just cited) See also Brown v. State, 136 Tex. Cr.R. 567, 127 S.W.2d 295; (2-3); Texas Indemnity Ins. Co. v. Hubbard, Tex.Civ. App., 138 S.W.2d 626 at page 628 (3-4). Such has been the rule applied in a long line of criminal cases by the Court of Criminal Appeals wherein a stricter construction is applied than in civil cases.

The rule set down above is adhered to in Clary v. State, 68 Tex.Cr.R. 290, 150 S.W. 919, wherein it is held the defendant did not waive his right by not invoking the rule at the beginning of the taking of testimony. The City suggests the request came too late here. That is not necessarily true. Of course, a plaintiff could not get all the benefits, or any benefit, for that matter, of having his witnesses present while others are testifying and then invoke it as against his adversary. Such was not the case here. Whether a party has waived his right to invoke the rule by delaying the request would depend upon the circumstances of the case.

The reasonableness of damages is always a troublesome and difficult question for juries and courts. The points made on the amount of damages fixed by the jury are predicated on the testimony of the so-called expert witnesses, the real estate brokers. Plaintiffs' statement refers alone to the amounts named by those witnesses, and points out one estimated it for them at from $2500.00 to $3500.00; one at $2500.-00 and the other at $2800.00 and that the two called by the City fixed it at $500.00 each. It is not likely the jury determined the damage on the basis of this testimony alone, any more than it is they disregarded the expert testimony altogether, though they might have done so, and reached their conclusion on the basis of the other testimony in the record. It is more probable they based their finding on a consideration of all the elements that properly entered into it. The City merely says the evidence supports the finding.

We have not undertaken to search out all the testimony that might properly have entered into the determination made by the jury, but have read some of it. The residence consists of three rooms, embracing 550 square feet of floor space. It is constructed of adobe and stuccoed outside. The inside has lath, but had not been plastered at the date of the trial. The roof is flat. There are some improvements consisting of one small frame, stuccoed house occupied by a tenant. The property is situated on the corner of Latta and Bush Streets, and one block west from Hammett Boulevard. It fronts 140 feet on Latta and 105 on Bush. Plaintiff Medrano testified he had used Latta only to walk upon; that it was unimproved, but cars had gone through on it. He described it as crooked, which we interpret to mean to the North. Medrano had used Bush and Hammett, which runs into the Super Highway some four blocks north. There is testimony in the record Latta has never been open and used to the north and two blocks south of plaintiffs' property; that it is one block north to the International Boundary and the Old River Bed, which is full of sand. There is also testimony Latta in this vicinity is sandy to the extent cars cannot, could not, travel it and that storm waters accumulated in there and made of it a bog. It is thus seen plaintiffs had never had the benefit of the use of an improved and maintained street in Latta. The canal and fence appropriate the whole of Latta. The concrete ditch is 30 feet across at the top and occupies the center of Latta. There remains 20 feet on either side but it is fenced to keep people out of the ditch.

The jury might well have concluded plaintiffs had not been deprived of any use

of the street other than to walk upon; that the condition created by the location of the canal was not much if any worse than the condition obtaining prior thereto. We merely point this out as one consideration that might well have influenced the jury.

 After all, the amount of damages to be awarded is always a question of fact for the jury, and unless so excessive or grossly inadequate as to indicate the operation of some improper influence on the jury in its determination of the amount, the finding will not be disturbed on appeal. This is elementary. There is no suggestion in this case of any prejudice, passion, partiality, or any other improper influence that might have operated upon the jury in determining the amount of the damage awarded.

We think there has been no reversible error demonstrated, and the judgment of the trial court will be affirmed.