**TEXAS ROOFING COMPANY et al., Appellants,**

v.

**J. H. WHITESIDE, Jr., et al., Appellees.**

**No. 7426.**

Court of Civil Appeals of Texas.

Amarillo.

Dec. 21, 1964.

Rehearing Denied Jan. 18, 1965.

---

2. Now an Associate Justice of the Texas Supreme Court.

Brock, Wright, Waters & Galey, Thomas J. Griffith, Jr., Lubbock, for appellants.

McWhorter, Cobb, Johnson & Cobb, Lubbock, for appellees.

NORTHCUTT, Justice.

This is an appeal from the judgment of the 72nd District Court of Lubbock County, Texas, denying a temporary injunction sought by appellants, Texas Roofing Company, L. R. Rampy and L. W. Rampy, prohibiting the Board of Trustees of Lubbock Independent School District from expending public funds. It was appellants' contention that said trustees let a certain contract for roofing on three new school buildings without prior advertisement or competitive bids as required by statute and for the further reason the contractual terms could permit additional consideration to a public contractor in violation of the State Constitution.

The school trustees had employed McMurtry and Craig, architects and engineers, to prepare plans and specifications for the construction of three school buildings here in question. The plans and specifications were approved by the trustees. Among other provisions set out in said plans or specifications there were the following two provisions:

"If before or after the execution of the contract, the contractor has submitted a list of sub-contractors which has been approved by the architect, and the change of any sub-contractor on such list is required by the owner after such approval, the contract price shall be increased or decreased by the difference in cost occasioned by such change."

"Allowance. General Contract shall allow the sum of $7,600.00 for each building for roofing and sheet metal

work as specified below. Should work cost more or less, he will be reimbursed or Owner will receive credit. After the award of the General Contract, successful general contractor shall submit to the Owner at least three bids from established roofing companies, acceptable to the General Contractor and the Owner will accept one of these bids, based on past performances of the various roofing companies."

The trustees advertised for bids on general construction as provided for by Article 2752a. A contract for general construction of the three school buildings in question was let to Hunter Brothers Construction Company. The trial court held that said contract included roofing of the three buildings. Under this record we do not believe any other construction could be placed upon said contract. The specifications provide the general contractor to do the roofing. The trustees of the school district have the right to contract for erection of buildings and superintend the construction of the same. Article 2752, Texas Civil Statutes.

■ Independent school boards possess only the powers expressly conferred on them by law or necessarily implied from the powers so conferred. Harlingen Independent School Dist. v. C. H. Page & Bro., 48 S.W.2d 983 (Com.App.). It would be naturally implied that the trustees would have the authority to refuse to accept bids and to determine whether they would agree to permit a contractor to sublet any portion of the contract. Surely, if they had the right to refuse to permit the contractor to sublet any portion of the contract, they have the right to know whether the sub-contractor is competent or not. Craven v. Davison, Tex.Civ.App., 260 S.W. 1100, affirmed Tex. Com.App., 276 S.W. 193.

■ Several of the trustees testified as to trouble they had had with roofing contractors, including this appellant. The requirement set out in the contract with Hunter Brothers only required that they submit to the trustees the names of three

contractors that were suitable to Hunter Brothers. Five names were submitted to the trustees. The appellants proved the bids of all the sub-contractors for the roof construction were presented to Hunter Brothers. The appellants' bid was the lowest bid by $111.00 per building involved. The Board of Trustees approved Hamilton Roofing Company as a roofing sub-contractor, being one of the sub-contractors that was submitted to appellee by Hunter Brothers which we think they had the right to do under Article 2752.

■ The relation of the trustees and Hunter Brothers was based upon the contract between them, and the relation between Hunter Brothers and the sub-contractors was based upon their contracts. There was no express privity of contract between the trustees and the sub-contractors. Consequently, the trustees were under no obligation to advertise for bid on the roofing work as a general contractor made the agreement as to the roofing under their general contract with appellees. The advertising for bids on the roofing was had when the trustees advertised for bids on general construction. American Surety Co. v. Shaw, 69 S.W.2d 47 (Com.App.)

■ As to appellants' contention that the school board upon contract specifications permitted extra compensation to a contractor after the contract had been entered into in violation of Article 3, Section 52 of the Texas Constitution, Vernon's Ann. St., we cannot agree. The second paragraph above set out in the specifications does not set a contractual amount the contractor was to receive but the $7,600.00 is only a figure for the contractor to consider in presenting his bid. The specifications further provided if the roofing calls for more, he will be paid the extra cost; and if the cost was less than the $7,600.00, the school was to have the credit for the difference. It will be noticed the bid accepted was for $7,261.00, being $339.00 the school would be entitled to receive as credit for and not extra payment to the contractor.

We know of no rule requiring the trustees to accept the lowest bid. Article 2752, Texas Civil Statutes, provided the trustees shall contract for the erection of the building and superintend the construction of the same. It is stated in the case of Stapleton v. Trussell, Tex.Civ.App., 196 S.W. 269: "* * * there is nothing in the law that arbitrarily requires such board to accept the lowest bid that may be received. As specified in the law, their power in making such contracts is general, and in the absence of limitations they are required merely to act faithfully and in the exercise of their best judgment so as to best serve the interest of their district." Under the terms above set out in the specifications as to the $7,600.00 is nothing more than a step taken by the trustees in attempting to avert the trouble they had had as to poor roof construction as shown in this record.

As to appellants' contention the court erred in arbitrarily refusing to invoke the rule separating witnesses from the court room during the trial, we are unable to see from this record anything to indicate the trial court abused its discretion. It is stated in the case of Medrano v. City of El Paso, Tex.Civ.App., 231 S.W.2d 514, as follows:

"Rule 267, R.C.P., merely provides the witnesses may be sworn and removed out of the court room. The provision is directory and not mandatory. Such has been the interpretation of Arts. 644 and 647, C.C.P., from which the rule is taken. Hahn v. State, 13 Tex.Cr.R. 409, 165 S.W. 218, at page 221.

"The application of the rule rests in the sound judicial discretion of the trial Court, and that discretion will not be reviewed on appeal unless it appears there has been a manifest abuse thereof. (The case just cited) See also Brown v. State, 136 Tex.Cr.R. 567, 127 S.W.2d 295; (2–3); Texas Indemnity Ins. Co. v. Hubbard, Tex.Civ.App., 138 S.W.2d 626 at page 628 (3–4). Such has been the rule applied in a long line of criminal cases by the Court of Criminal Appeals wherein a stricter construction is applied than in civil cases."

We have carefully considered each of appellants' assignments of error and overrule all of them.

Judgment of the trial court is affirmed.