

# KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

March 14, 2016

The Honorable Joseph C. Pickett
Chair, House Committee on Transportation
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768

Opinion No. KP-0069

Re: Whether a school district board of trustees may post on the district website the personal financial statements of board members submitted pursuant to section 11.0641 of the Education Code
(RQ-0053-KP)

Dear Representative Pickett:

You ask whether a school district board of trustees may post on the district website the personal financial statements of board members submitted pursuant to section 11.0641 of the Education Code.[1] Section 11.0641 "applies only to the board of trustees of an independent school district that is located in a county that is located on the international border and in which a municipality with a population of 600,000 or more is located," *i.e.*, El Paso County. TEX. EDUC. CODE § 11.0641(a); *see* Fiscal Note, Tex. H.B. 343, 83d Leg., R.S. (2013) at 1 (stating that "[t]he bill is bracketed to apply to nine independent school districts (ISDs) within El Paso County"). Subsection (b) of the statute requires "[e]ach member of the board of trustees of an independent school district [to] file a financial statement with: (1) the board of trustees; and (2) the commissioners court of the county in which the school district's central administrative office is located." TEX. EDUC. CODE § 11.0641(b). Under the statute, the commissioners court is to determine "whether a statement required to be filed under this section is late," in which case "the individual responsible for filing the statement is liable to the county for a civil penalty of $500" and, in aggravated circumstances, may be the basis of a civil penalty of up to $10,000. *Id.* § 11.0641(e). Moreover, a trustee who fails to file the required statement commits a Class B misdemeanor offense. *Id.* § 11.0641(d).

Section 11.0641(c) provides:

> The provisions of Subchapter B, Chapter 572, Government Code, governing the contents, timeliness of filing, and *public inspection of a statement* apply to a statement filed under this section as if the

---

[1]*See generally* Letter and Brief from Honorable Joseph C. Pickett, Chair, House Transp. Comm., to Honorable Ken Paxton, Tex. Att'y Gen. (Sept. 14, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter" and "Brief," respectively).

> trustee were a state officer and the commissioners court of the county were the Texas Ethics Commission.

*Id.* § 11.0641(c) (emphasis added).[2] Accordingly, 11.0641(c) gives the commissioners court the powers and responsibilities of the Texas Ethics commission with respect to the contents, timeliness, and public inspection of a financial statement required by the section. In subchapter B, chapter 572, the provision concerning "Public Access to Statements" is section 572.032, which provides:

> (a)   Financial statements filed under this subchapter are public records. The commission shall maintain the statements in separate alphabetical files and in a manner that is accessible to the public during regular office hours.
>
> (a-1)   The commission shall remove the home address of a judge or justice from a financial statement filed under this subchapter before:
>
> > (1) permitting a member of the public to view the statement; or
> >
> > (2) providing a copy of the statement to a member of the public.
>
> (b)   During the one-year period following the filing of a financial statement, each time a person requests to see the financial statement, excluding the commission or a commission employee acting on official business, the commission shall place in the file a statement of the person's name and address, whom the person represents, and the date of the request. The commission shall retain that statement in the file for one year after the date the requested financial statement is filed.
>
> (c)   After the second anniversary of the date the individual ceases to be a state officer, the commission may and on notification from the former state officer shall destroy each financial statement filed by the state officer.

TEX. GOV'T CODE § 572.032. Thus, these access provisions apply only to the Texas Ethics Commission and, by virtue of section 11.0641(c), the commissioners court.

---

[2]Under a different section of the Education Code, a board of trustees, or in certain instances the commissioner of education, may require a board's members to file a financial statement with their board and the Texas Ethics Commission, not with a county commissioners court. TEX. EDUC. CODE § 11.064(a)–(a-4).

While section 11.0641 of the Education Code requires a copy of the financial statement to be filed with the board of trustees, it does not address the responsibilities of the board that receives the required statement. *See* TEX. EDUC. CODE § 11.0641(a). Thus, we must consider other law governing access to public records held by governmental bodies. We are not aware of any statute, judicial opinion, or other law that generally prohibits a governmental body from posting a personal financial statement on its website. But personal financial statements that are required to be filed under chapter 572, subchapter B are public records. TEX. GOV'T CODE § 572.032(a). Under the Public Information Act ("PIA"), a governmental body has a duty to promptly produce public information. *Id.* § 552.221. The authority to provide access to personal financial statements by posting them on the district website may be implied as incident to the board of trustees' duties and authority under the PIA. *See Tex. Roofing Co. v. Whiteside*, 385 S.W.2d 699, 701 (Tex. Civ. App.—Amarillo 1964, writ ref'd n.r.e.) (determining that a board of trustees possesses powers expressly conferred on it by law or necessarily implied from its express powers); Tex. Att'y Gen. Op. No. ORD–682 (2005) at 7 (noting that, while making information available on a website does not satisfy section 552.221 of the PIA, "a requestor may agree to accept information on a governmental body's website in fulfillment of the request" for information under the PIA). Accordingly, a court would likely conclude that it is within the board of trustees' discretion to post on the district website the personal financial statements of board members submitted pursuant to section 11.0641 of the Education Code.

Members of the Legislature may have intended for the board to require the same procedures as the commissioners court, but the language of the statute does not do so. To conclude that the procedures in subsection 11.0641(c) apply to the board of trustees requires reading language into the statute, which courts generally do not do. *MCI Sales & Serv. v. Hinton*, 329 S.W.3d 475, 502 (Tex. 2010) (observing that "courts should not by judicial fiat insert non-existent language into statutes"). If the Legislature intended for the board to follow those procedures, it should amend the statute accordingly.

The personal financial statements required by section 11.0641 may contain information made confidential or otherwise protected under other law. *See, e.g.*, TEX. BUS. & COM. CODE § 521.051 ("Unauthorized use or Possession of Personal Identifying Information"); TEX. GOV'T CODE § 552.117 ("Exception: Confidentiality of Certain Addresses, Telephone Numbers, Social Security Numbers, and Personal Family Information"); *Tex. Dep't of Pub. Safety v. Cox Tex. Newspapers, L.P.*, 343 S.W.3d 112, 119 (Tex. 2011) (noting that information protected under the common-law privacy doctrine is exempt from disclosure under the PIA). Thus, while a board has discretion to post financial statements required by section 11.0641 on its website, it is cautioned that it should withhold information made confidential or otherwise protected by other law. *See* TEX. GOV'T CODE § 552.352(a) ("A person commits an offense if the person distributes information considered confidential under the terms of [the PIA]."). Members of the public who desire to do so may seek an inspection of the complete financial statements in full from the

commissioners court under section 11.0641 of the Education Code and chapter 572 of the Government Code.[3]

Your second question is whether "the board of trustees by a majority vote [may] require the posting of the personal financial statement of a trustee who objects." Request Letter at 2. A board of trustees "may act only by majority vote of the members present at a meeting." TEX. EDUC. CODE § 11.051(a-1). Section 11.0641 of the Education Code does not create a right in an individual trustee to limit disclosure of the copy of the public document filed with the board of trustees. Thus, under section 11.0641, a majority of the board of trustees may require the posting of the personal financial statement of an individual trustee over the trustee's objections.[4]

---

[3]*See York v. Tex. Guaranteed Student Loan Corp.*, 408 S.W.3d 677, 685 (Tex. App.—Austin 2013, no pet.) (holding that exceptions from general rule of required disclosure under section 552.021 of the Public Information Act "do not . . . purport to operate more generally against public-access or disclosure requirements created or imposed by other law").

[4]Because the answer to your first question is in the affirmative, we do not address your third question.

## S U M M A R Y

A court would likely conclude that it is within the discretion of a school board of trustees subject to section 11.0641 of the Education Code to post on the district's website the personal financial statements of member trustees required by that section. Under section 11.0641, a majority of the board of trustees may require the posting of the personal financial statement of an individual trustee over the trustee's objections.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee