

# KEN PAXTON
## ATTORNEY GENERAL OF TEXAS

May 7, 2018

The Honorable Jodie Laubenberg
Chair, Committee on Elections
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. KP-0196

Re: Whether a school board of trustees may establish term limits for trustees as part of the district's governance policy (RQ-0191-KP)

Dear Representative Laubenberg:

You ask whether a school board of trustees may establish term limits for trustees as part of the district's governance policy.[1] You inform us that several bills filed in recent legislative sessions proposed granting school boards the specific authority to adopt term limits for their trustees.[2] Because school boards possess broad powers of governance and rulemaking, you ask whether the authority to adopt trustee term limits must be stated specifically in a statute. Request Letter at 1–2.

The Education Code assigns trustees of an independent school district board the duty to "oversee the management of the district." TEX. EDUC. CODE § 11.051(a)(1). To fulfill that duty, the Legislature granted school boards broad power:

> (b) The trustees as a body corporate have the exclusive power and duty to govern and oversee the management of the public schools of the district. All powers and duties not specifically delegated by statute to the agency or to the State Board of Education are reserved for the trustees . . . .
>
> . . . .
>
> (d) The trustees may adopt rules and bylaws necessary to carry out the powers and duties provided by Subsection (b).

---

[1]See Letter from Honorable Jodie Laubenberg, Chair, House Elections Comm., to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Nov. 9, 2017), https://www.texasattorneygeneral.gov/opinion/requests-for-opinions-rqs ("Request Letter").

[2]Id. (referencing Tex. H.B. 467, 81st Leg., R.S. (2009), Tex. H.B. 564, 83d Leg., R.S. (2013), Tex. H.B.1493, 84th Leg., R.S. (2015), Tex. S.B. 1677, 84th Leg., R.S. (2015), Tex. H.B. 154, 85th Leg., R.S. (2017), Tex. H.B. 930, 85th Leg., R.S. (2017), Tex. S.B. 110, 85th Leg., R.S. (2017), Tex. S.B. 1884, 85th Leg., R.S. (2017)).

*Id.* § 11.151(b), (d). Within this broad grant of authority, a school board possesses the final policy-making authority for its district. *Jett v. Dallas Indep. Sch. Dist.*, 7 F.3d 1241, 1245 (5th Cir. 1993). Nevertheless, school districts are creations of the Legislature, and their trustees "possess only the powers expressly conferred on them by law or necessarily implied from the powers so conferred." *Tex. Roofing Co. v. Whiteside*, 385 S.W.2d 699, 701 (Tex. Civ. App.—Amarillo 1964, writ ref'd n.r.e.); *see also Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 548 (Tex. 2016) ("[I]t is the Legislature . . . that imposes legal obligations on districts."). Thus, the legal inquiry becomes whether the school board's power to oversee the management of the district and to govern and oversee the management of the schools of the district carries with it the authority to regulate who may run for and hold the office of trustee. *See* TEX. EDUC. CODE §§ 11.051(a)(1), .151.

A law imposing term limits adds an additional eligibility requirement for running for a particular office. *See Austin Police Ass'n v. City of Austin*, 71 S.W.3d 885, 890 (Tex. App.—Austin 2002, no pet.). Section 141.001 of the Election Code establishes the general eligibility requirements to be a candidate for public office in Texas, such as citizenship, age, and residence. TEX. ELEC. CODE § 141.001(a)(1), (2), (5). The statute also includes disqualifications such as mental incapacity or conviction of a felony. *Id.* § 141.001(a)(3), (4). Section 11.061 of the Education Code, concerning the qualification of trustees, adds only that a "person may not be elected trustee of an independent school district unless the person is a qualified voter," and must file an official oath. TEX. EDUC. CODE § 11.061(a)–(b).

In chapter 11, subchapter C of the Education Code, the Legislature granted school boards limited discretion with respect to the number of trustees on a board, how they are elected, and the length of their terms of office. *Id.* §§ 11.051(c) (allowing boards with three or five members to increase the membership to seven), 11.052(a) (allowing election of trustees by single member district or at large), 11.054(a) (allowing election by cumulative voting procedures), 11.059(a) (allowing terms of three or four years). Subchapter D lists specific powers and duties of the board of trustees, which include the duty to "conduct elections as required by law," but does not otherwise address the election or qualification of trustees. *Id.* § 11.1511(b)(12). In sum, while the statutes establish eligibility requirements for the office of trustee and specify a board's discretion concerning election and service matters, no statute delegates authority to school boards to establish additional eligibility requirements for the office of trustee. This legislative silence contrasts with the authority expressly granted to home-rule municipalities to "prescribe the qualifications, duties, and tenure of office for [municipal] officers." TEX. LOC. GOV'T CODE § 26.041(3); *see also Austin Police Ass'n*, 71 S.W.3d at 888 n.7 (construing this power as authorizing home-rule municipalities to establish term limits for its officers); *Dutmer v. City of San Antonio*, 937 F. Supp. 587, 595 (W.D. Tex. 1996) (same).

A school board's authority to oversee the management of the district and to govern and manage district schools may be broad, but the authority to regulate who may run for and hold the office of trustee belongs to the Legislature. Addressing a similar question from a commissioners court, one Texas court explained that "[t]he Legislature of this state has fixed the qualifications of candidates for [local office], and the commissioners' court cannot add to or take from these qualifications." *Brown v. Meeks*, 96 S.W.2d 839, 842 (Tex. Civ. App.—San Antonio 1936, writ dism'd). If a school board's general governing powers authorized it to establish additional eligibility requirements for its members, it could add other limitations—not only term limits—that

could significantly restrict who is eligible to serve on the board. Candidate eligibility requirements impact not only candidates, but also "at least to some degree—the individual's right to vote and his right to associate with others for political ends." *State v. Hodges*, 92 S.W.3d 489, 497 (Tex. 2002) (quotation marks omitted). Therefore, to safeguard these rights, Texas law requires that "any statutory provision that restricts the right to hold office must be strictly construed against ineligibility." *Id.* at 494–95. A court applying that principle here would likely conclude that the statutory grant of general governing power to independent school district boards cannot be construed as authorizing the boards to adopt term limits for their trustees.

## S U M M A R Y

A court would likely conclude that the statutory grant of general governing power to independent school district boards does not authorize the boards to adopt term limits for their trustees.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee