**UNITED PACIFIC INSURANCE COMPANY, Appellant,**

v.

**Bob FARLEY, Appellee.**

No. 5845.

Court of Civil Appeals of Texas, Waco.

May 4, 1978.

678

Robert L. LeBoeuf and Jack R. Martin, Martin & Sperry, Houston, for appellant.

M. Scott Taylor, Moriarty & Madigan, Houston, for appellee.

## OPINION

JAMES, Justice.

This is a workmen's compensation case. Plaintiff-Appellee Bob Farley sued Defendant-Appellant United Pacific Insurance Company for workmen's compensation benefits as a result of injuries he sustained while an employee of Brady Steel Company in New Orleans, Louisiana on December 16, 1972.

Trial was had to a jury which found:

(1) Farley received an injury on or about December 16, 1972.

(2) At the time of receiving such injury, Plaintiff Farley was an employee of Brady Steel Company.

(3) Farley and his employer contemplated that he (Farley) would work in Texas and Louisiana as the circumstances of his employment might require.

(4) Farley was injured in the course of his employment.

(5) Farley's injury in question was a producing cause of total incapacity

(a) which began December 16, 1972 and was

(b) of two weeks duration.

(6) Plaintiff Farley's injury in question was a producing cause of partial incapacity

(a) which began January 1, 1973 and was

(b) permanent in duration

(c) the weekly earning capacity of Plaintiff during such partial incapacity is $125.00.

(7) Plaintiff's average weekly wage as of December 16, 1972, was $200.00.

(8) Medical care was reasonably required as a result of such injury.

(9) Jury failed to find that Defendant Insurance Co. failed to furnish within a reasonable time medical care reasonably required as a result of such injury.

(10) The value of such medical care reasonably required by Plaintiff was $1321.24.

Based upon the jury verdict the trial court entered judgment in favor of Plaintiff Farley against the Defendant United Pacific in the amount of $14,476.89 and costs, from which judgment Defendant United Pacific appeals. We affirm.

■ Appellant asserts there is no evidence, and insufficient evidence to support the jury's answer to Special Issue No. 3, wherein the jury found that Plaintiff Farley and his employer contemplated that Farley would work in Texas and Louisiana as the circumstances of his employment might require. We overrule these contentions.

Plaintiff Farley worked off and on for Brady Steel Company from 1963 to 1972. In October of 1972 he returned to work for Brady Steel Company as an erector. Plaintiff testified that he was hired by Mr. Chuck Brady and three other men at the Brady Steel Company headquarters and plant at 4525 Saunders Road, in Houston, Texas; that he contracted with Brady Steel Company to work in New Orleans, Baton Rouge, Lake Charles, and Houston as his work may require. Following his employment by Brady Steel, he moved to Houston from West Virginia and established his residence in Houston before leaving Houston for New Orleans, Louisiana. At all times thereafter, Plaintiff maintained his residence in Houston, Texas, even though the majority of his work was in Louisiana. At the time Plaintiff was hired by Mr. Brady, there were also three other men present, to wit, Jerry Avery, Gary Emerson, and Ted Killy. Plaintiff was the only person who testified concerning this conversation in Houston wherein he was hired. None of the other four persons, that is, Brady, Avery, Emerson, or Killy were called as witnesses to refute or deny Plaintiff Farley's testimony. In other words, Plaintiff's testimony in this regard stands unchallenged.

Article 8306, Section 19, Vernon's Texas Civil Statutes, as same existed at all times material to this controversy, in its pertinent parts provided:

"If an employee, who has been hired in this State, sustain injury in the course of his employment he shall be entitled to compensation according to the Law of this State even though such injury was received outside of the State, and that such employee, though injured out of the State of Texas, shall be entitled to the same rights and remedies as if injured within the State of Texas, _____."

"Providing that such injury shall have occurred within one year from the date such injured employee leaves this State; _____."

Farley testified that he was hired to work both in Texas and Louisiana. He did some work in Texas before leaving for Louisiana, in preparation for his Louisiana work, consisting of hauling some stair railings and materials, screws, and bolts, from Brady Steel Company's Houston headquarters to New Orleans. Moreover, he purchased some tools in Houston which were for use in his work as a steel erector in New Orleans. Additionally, Plaintiff came back and forth between New Orleans and Houston on the weekends in order to pick up from Brady Steel headquarters loads of stair railings and other materials and haul same back to

the New Orleans work. He was paid for this work and was furnished a Company truck and credit card to accomplish such purposes.

Our Supreme Court has long held that before an employee injured outside the territorial limits of this State can recover for such injury under our workmen's compensation statutes, he must prove that at the time of such injury he occupied the status of a Texas employee. *Southern Underwriters v. Gallagher* (1940) 135 Tex. 41, 136 S.W.2d 590, 592; *Hale v. Texas Employers Ins. Assn.* (1951) 150 Tex. 215, 239 S.W.2d 608, 614.

When does an employee have the status of a Texas employee? This question has been answered by our Supreme Court in *Texas Employers' Insurance Assn. v. Dossey* (Tex.1966) 402 S.W.2d 153 at page 155 in the following language:

"An employee has the status of a Texas employee when he has been hired in this state to work in this state and in another state as the circumstances of his employer may require. His Texas employee status is fixed in the fact of his employment to work in Texas as well as in the other state. He continues to occupy this status even though he first works in the other state."

Also see *Maryland Casualty Co. v. Spritzman* (Houston 1st Tex.Civ.App.1966) 410 S.W.2d 668, NRE.

After careful examination of the evidence concerning the jury's answer to Special Issue No. 3, wherein the jury found that Plaintiff and Brady Steel contemplated that he would work in Texas and Louisiana as circumstances of employment might require, we are of the opinion and hold that the evidence is both legally and factually sufficient to support the jury's answer to such special issue.

Next, Appellant contends there is no evidence, and insufficient evidence to support the jury's finding in answer to Special Issue No. 4, wherein the jury found that Plaintiff Farley was injured in the course of his employment. We overrule these contentions.

Plaintiff's injuries were sustained as the result of an argument between Lefty Valverde and Plaintiff over wages Valverde had earned while working with Farley in the week then ending. Both Plaintiff and Valverde were employees of Brady Steel Company, and the work that had been done for which the wages in dispute had been earned was on the Brady Steel project then in progress in New Orleans, Louisiana. The injury in question happened on a Saturday and the testimony showed that it was not unusual for employees of Brady Steel to work on Saturday. Plaintiff had gone to the Brady Steel yard on Haynes Street in New Orleans to read and pick up some blueprints preparing to proceed to the job project, and he also needed to pick up his helper, Valverde. After asking where Valverde was, Plaintiff was told that Valverde was next door in a bar called "Castaway Lounge." Thereupon Plaintiff went to the bar in order to get his helper; and after he got inside, Valverde confronted Plaintiff and demanded that Plaintiff pay him the wages for two and a half day's work assertedly due him in the week that was just ending. In this connection it should be pointed out that Plaintiff was paid by Brady Steel on a piece work basis, and was responsible for paying his own help. There was evidence to the effect that Valverde had already received his pay for this two and a half day's work by Lee Smith, the office manager for Brady Steel, at Plaintiff's request.

Plaintiff's testimony was that Valverde said, "I want my money. I'll pay Lee back," and when Plaintiff told Valverde that the agreement was that he (Plaintiff) would pay Lee back on Friday, Valverde responded; "I'll get my money one way or the other." Plaintiff testified the he walked back toward the Brady Steel office, and Valverde followed him out, and the argument continued in the Brady Steel yard; that finally, Plaintiff said that they would go to the office and get it straightened out; that as Plaintiff walked away towards the office, Valverde came up behind him and struck him on the head with a piece of steel tubing, causing the injuries in

question. Plaintiff's version of the incident was corroborated by two eyewitnesses, Ralph E. Buzzinotti and Laurence J. Cochrane. Harvey Slater, a superintendent for Brady Steel, told a conflicting version: Slater said he saw Plaintiff and another man chasing Valverde around the Brady Steel yard; that he (Slater) caught hold of Plaintiff and stopped him, and at this point Valverde struck Plaintiff with the steel tubing.

At any rate, at the time of the injury in question, Plaintiff Farley was on the job for Brady Steel, his work day had already begun, and incidental to the performance of his duties he went to find his helper, at which time the argument ensued with Valverde which led to the injuries. There is no evidence of there having been a personal grudge that preexisted between Plaintiff and Valverde. The argument arose during the time of Plaintiff's regular duties, and was inspired by the employment relationship as it existed between them from the week just ending, and the wages that Valverde had earned in connection therewith.

■ The mere fact that two employees of the same employer, or one of them and a third person not employed by the same employer, engage in a fight, is not controlling of the question of whether or not one of the employees who receives an injury while engaged in it is entitled to compensation. *McClure v. Georgia Casualty Co.* (Comm. App.1923) 251 S.W. 800, judgment adopted; *Texas Indemnity Ins. Co. v. Cheely* (Amarillo Tex.Civ.App.1950) 232 S.W.2d 124, writ refused. *Cheely* also holds that proof that the injury occurred while the employee was engaged in or about the furtherance of his employer's affairs or business is not alone sufficient; but that Plaintiff must also show that his injury was of such kind and character as had to do with and originated in the employer's work, trade, business, or profession, citing several cases in support of this proposition on page 126.

■ We are of the opinion and hold that the evidence in the case at bar meets the test set out in *Cheely*, supra, and is legally and factually sufficient to support the jury's answer to Special Issue No. 4, to the effect that Plaintiff was injured in the course of his employment. Also see *United States Casualty Co. v. Henry* (Waco Tex. Civ.App.1963) 367 S.W.2d 405, NRE, for application of the *Cheely* rule in a fact situation analogous to the case at bar, wherein the injury was held to be compensable.

■ Appellant's next point of error complains of the refusal of the trial court to submit to the jury the following requested special issue and explanatory instruction:

"Do you find from a preponderance of the evidence that Plaintiff received such injury in the course of his employment by Brady Steel Company?

" 'Injury in the course of employment' means any injury having to do with and originating in the work, business, trade, or profession of the employer, received by an employee while engaged in or about the furtherance of the affairs or business of his employer, whether upon the employer's premises or elsewhere.

"An injury is not in the course of employment if it is caused by the act of another person intended to injure the employee because of reasons personal to the employee and not directed against him as an employee or because of his employment. An injury caused by the employee's willful intention to injure some other person is not in the course of employment, unless the injury results from a dispute arising out of the employee's work or the manner of performing it and the employee's acts growing out of such dispute are done in a reasonable attempt to prevent interference with the work or in reasonable self-defense.

"Answer 'We do' or 'We do not'."

Now, the trial court submitted as Special Issue No. 4 the following:

"Was Bob Farley injured in the course of his employment?"

Also, the trial court in the charge defined the term "sustained in the course of employment," which definition is substantially in the same language as the first paragraph

of the Defendant-Appellant's requested instruction, but did not include any language used by Appellant in the second paragraph of the requested instruction. By said second paragraph Appellant undertook to exclude from the jury's consideration defensive matters provided for in Article 8309, Section 1, subparagraphs (2) and (4), Vernon's Texas Civil Statutes.

However, Defendant-Appellant made no objection to the charge, as submitted, pointing out to the trial court what Appellant considered to be erroneous concerning Special Issue No. 4 and the trial court's definition relative to "course of employment." By its failure to so object, Appellant has waived any error, if any, in connection therewith. Rule 274, Texas Rules of Civil Procedure, *City of Dallas v. Priolo* (1951) 150 Tex. 423, 242 S.W.2d 176, at page 179; *Texas Employers' Ins. Assn. v. Mallard* (1944) 143 Tex. 77, 182 S.W.2d 1000, 1002. Also see *Tyler Mirror & Glass Co. v. Simpkins* (Tyler Tex.Civ.App.1966) 407 S.W.2d 807, 817, NRE; *Foley v. Foley* (El Paso Tex.Civ.App.1961) 350 S.W.2d 890, no writ. Accordingly, this point of error wherein Appellant complains of the court's refusal to submit the requested instruction herein above-quoted is overruled.

Finally, by its last two points of error, to wit, sixth and seventh, Appellant complains of the refusal of the trial court to submit two requested special issues, inquiring of defensive matters concerning "course and scope of employment" provided for in Article 8309, Sec. 1, subsections (2) and (4), hereinabove referred to. Both of these requested special issues are worded so as to place the burden of proof upon the Plaintiff, and are clearly inferential rebuttal issues. Rule 277, Texas Rules of Civil Procedure, provides, among other things: "Inferential rebuttal issues shall not be submitted." Appellant's sixth and seventh points of error are overruled.

Finding no reversible error in the record, we accordingly affirm the trial court's judgment.

AFFIRMED.