Adolph **KURTZ**, Appellant,

v.

**LIBERTY MUTUAL INSURANCE COMPANY**, Appellee.

No. 5893.

Court of Civil Appeals of Texas, Waco.

Oct. 5, 1978.

Robert A. Canonico, Waco, for appellant.

Jack K. Smith, Corsicana, for appellee.

## OPINION

JAMES, Justice.

This is a workmen's compensation case, wherein the claimant's injuries grew out of a personal encounter (fistfight) with a fellow employee. The jury found in answer to special issues that the claimant received an injury, but failed to find that claimant was injured in the course of his employment. Pursuant to and in harmony with the jury verdict, the trial court entered judgment that Plaintiff take nothing, from which he appeals. We affirm.

Plaintiff-Appellant Adolph Kurtz, claimant herein, brought this suit against Defendant-Appellee Liberty Mutual Insurance Company, the insurance carrier for General Tire and Rubber Co., employer of claimant, for injuries alleged to have been suffered by claimant and incurred on or about March 17, 1976, while on the job, which injuries grew out of a fistfight with one Edwin D. Hill, a fellow employee.

Trial was had to a jury, which found in answer to Special Issue No. 1 that Plaintiff Kurtz received an injury on or about March 17, 1976; however, in answer to Special Issue No. 2, the jury failed to find that Kurtz was injured in the course of his employment. After jury verdict, the trial court entered judgment that Plaintiff Kurtz take nothing, from which he appeals, asserting that the evidence is legally and factually insufficient to support the jury's answer to Special Issue No. 2. We overrule Plaintiff-Appellant's points and contentions, and thereby affirm the trial court's judgment.

██ We revert to Appellant's first point, to wit, that there is "no evidence" to sustain the jury's negative answer to Special Issue No. 2, wherein the jury failed to find that Plaintiff-Appellant Kurtz was injured in the course of his employment. The burden of proof was upon Plaintiff-Appellant to obtain an affirmative finding to Special Issue No. 2 in order to recover. In other words, Plaintiff-Appellant had the burden of establishing that his injury was received in the course of his employment.

This he failed to do. This being so, by his "no evidence" point, Plaintiff-Appellant is contending in effect that the evidence conclusively establishes as a matter of law that his injury was received in the course of his employment. The evidence does not conclusively establish this fact, as we shall see by a brief review of the evidence hereinafter set out in this opinion. Therefore, we overrule Plaintiff-Appellant's first point.

Secondly, Plaintiff-Appellant contends that the jury's negative answer to Special Issue No. 2 is so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust, under the doctrine of *In re King's Estate* (Tex.1951) 150 Tex. 662, 244 S.W.2d 660. We overrule this contention.

Plaintiff-Appellant Kurtz testified that on the day he received the injury in question, he and Edwin Hill and one Emory Forward were working as a three man team in connection with machinery wherein tires were being painted, wrapped, and placed in racks. Kurtz testified that Hill was not as familiar with this particular type of work as was he (Kurtz); that Hill needed some help in racking up some tires, and he (Kurtz) was helping Hill; that after they had almost finished racking the tires, Kurtz said he told Hill, "I enjoyed working with you those four hours," and then made a "friendly gesture" that he (Kurtz) didn't mind carrying him, but "it was a little difficult when you drag your feet a little." Kurtz testified that Hill replied by giving him a facial expression that let him know that he (Hill) did not take kindly to or appreciate this remark. Then Kurtz stepped away a few feet to the water fountain, after which Kurtz and Hill had to work together to put the rack over to the track in order to send the rack of tires on their way to another location. Kurtz said Hill made some remark to him; however, the place was so noisy that Kurtz could not hear and understand what Hill said; whereupon Kurtz went over to Hill, and then Hill told Kurtz he was "running off at the mouth." Kurtz then leaned over towards Hill and asked him what he meant by this

last remark, at which point Hill struck Kurtz twice in and about Kurtz's head and face, knocking Kurtz back into the rack of tires, thereby causing the injury in question. Kurtz testified that he never struck Hill.

Hill's testimony varied from that of Kurtz in many material particulars. Hill testified that he had known Kurtz long before the altercation in question; that Kurtz had formerly been a member of the same church in Bellmead that Hill belonged to, and in which church Hill was on the Board of Trustees. Hill said he had known Kurtz at said church, that they had prayed together, and that he (Hill) knew there was something wrong with Kurtz; and that Kurtz had had trouble with the song leader and the minister of the church. Hill said about a month prior to the fistfight in question, Kurtz came up to him on the job and asked him why he (Hill) had taken part in the church meeting the past Wednesday night wherein Kurtz was voted out of the church. Hill at this time replied that he had not been present at that particular church meeting and had nothing to do with Kurtz's having been voted out of the church. To this, Hill testified that Kurtz told him, "you are as sorry as the rest of the people in that church."

Hill further testified that on the occasion of the fistfight in question, Kurtz "tapped me on the chest and said, 'Well, do something about it, do something about it.'" Hill said he hit Kurtz in an effort to get Kurtz to leave him alone, testifying, "I done it in self-defense and to get him away from me."

Emory Forward, who was working with Kurtz and Hill at the time of the fistfight, testified that Kurtz was the aggressor and had agitated Hill. There was also testimony from other co-workers that Kurtz was a troublesome person who had had physical difficulties with other people.

Article 8309, among other things, provides:

"The term 'injury sustained in the course of employment,' as used in this Act, shall not include:

. . . . .

"(2) An injury caused by an act of a third person intended to injure the employee because of reasons personal to him and not directed against him as an employee, or because of his employment.

. . . . .

"(4) An injury caused by the employee's wilful intention and attempt to injure . . some other person, but shall include all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs of business of his employer whether upon the employer's premises or elsewhere."

*Texas Indemnity Insurance Co. v. Cheely* (Amarillo CA 1950) 232 S.W.2d 124, writ refused, holds that proof that the injury occurred while the employee was engaged in or about the furtherance of his employer's affairs or business is not alone sufficient; but that Plaintiff must also show that his injury was of such kind and character as had to do with and originated in the employer's work, trade, business, or profession. Also see *United Pacific Insurance Co. v. Farley* (Waco CA 1978) 566 S.W.2d 677, no writ.

In the case at bar, the jury had the right to infer, and from their negative finding manifestly did infer, that the fistfight in question originated out of reasons personal to Kurtz, and that Kurtz wilfully intended to injure another person, to wit, Hill. This being so, we are of the opinion and hold that the evidence is factually sufficient to support the jury's failure to find that Kurtz's injury was received in the course of his employment. In other words, we cannot say that the jury's negative answer to Special Issue No. 2 is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust.

Judgment of the trial court is accordingly affirmed.

AFFIRMED.