**DUFF v. ROESER & PENDLETON, Inc., et al.**

No. 1568.

Court of Civil Appeals of Texas. Eastland.

June 26, 1936.

Kirby, King & Overshiner, of Abilene, for plaintiff in error.

Thompson & Barwise, of Fort Worth, for defendants in error.

FUNDERBURK, Justice.

Mary Ethel Duff, riding with Roy Woods in a Ford car driven by the latter, was injured as the result of said car being struck by a truck belonging to Roeser & Pendleton, Inc., driven by George Roberts, an employee. The collision occurred at the intersection of the

Leuders-Nugent north-south cross-country road with the east-west paved state highway No. 83, between Anson and Albany, Tex. The suit is by said Mary Ethel Duff, non compos mentis, by S. E. Combs as next friend, against the said Roeser & Pendleton, Inc., and George Roberts, the driver of the truck, to recover damages. One alleged ground of recovery was based upon discovered peril. The case was submitted to a jury on special issues, all of which were found in favor of the defendants except the following: "Question No. 11. Do you find from a preponderance of the evidence that the driver of defendant's truck saw the car in which the said Mary Ethel Duff was riding, in time, by the exercise of ordinary care, in the use of the means at hand, consistent with the safety of himself and the other occupants of the truck and the property under his care, to have avoided the collision?"

The jury answered, "Yes." The jury further found that such failure to exercise ordinary care in the use of the means at hand was not a proximate cause of the injury suffered by Mary Ethel Duff. The judgment was for the defendants. The plaintiff seeks a review by writ of error. Mary Ethel Duff will be referred to as "plaintiff" and Roeser & Pendleton, Inc., as "defendants."

■ The jury by its verdict found that five distinct acts and/or omissions of the driver of the Ford car were each the "sole" proximate cause of the injuries to plaintiff. Of course, there could be but one sole proximate cause. The several findings nullified each other, thereby resulting in no verdict upon said issues of contributory negligence. Such findings also nullified the further findings to the effect that certain alleged negligent acts or omissions of the plaintiff were each a proximate cause of her injuries. The judgment must be reversed unless the verdict upon other and independent issues, or the waiver of them, rendered said conflicts immaterial or harmless.

■ Plaintiff had the burden of pleading and proving that one or more acts or omissions, chargeable to the defendants, constituted negligence which was a proximate cause of the injuries. A failure to establish legally any such issue of negligence or proximate cause required that judgment be rendered for defendants regardless of any question of contributory negligence or negligence of either occupant of the Ford car. If all issues of contributory negligence had been correctly submitted and found in favor of the plaintiff, no other judgment than one for the defendants could, in the absence of a finding in favor of the plaintiff of negligence and proximate cause, be rendered.

The jury's verdict upon special issue No. 13, finding that the alleged negligence based upon discovered peril was not a proximate cause of plaintiff's injuries, is conclusive of the correctness of the judgment for defendants, unless, as contended by plaintiff, there was no evidence to support such finding, or unless proximate cause is not a distinct element of liability based upon the principle of discovered peril.

■ All issues as to the primary negligence of the defendant and whether same was a proximate cause of plaintiff's injuries were resolved by the verdict of the jury against the plaintiff. The only questions presented have to do with liability based upon the doctrine or principle of discovered peril. Undoubtedly, special issue No. 11 had reference to that alleged ground of recovery. This was recognized by the defendants as shown by the fact that one of their objections to the submission of the issue was that it "attempts to submit defendants' liability on the question of discovered peril," etc. Plaintiff had the burden of establishing either by the undisputed evidence, or by the verdict of the jury, or by both, all material issues embraced in said ground of recovery. Any one of such issues not conclusively established by the evidence, and not submitted nor requested by the plaintiff to be submitted, must be deemed to have been waived by the plaintiff as support for the court's judgment. Miller v. Fenner, Beane & Ungerleider (Tex.Civ.App.) 89 S.W. (2d) 506; Harris v. Thornton's Dept. Store (Tex.Civ.App.) 94 S.W.(2d) 849. As to any such issue or issues attempted to be submitted but incorrectly or incompletely stated, or as to any two or more such issues improperly combined as a single issue, the verdict thereon, in the absence of any timely objection having been made pointing out the defects therein, would be just as effective as if such issues were correctly, completely, and separately stated. Same authorities.

684

Under these rules special issue No. 11 and the jury's verdict thereon, in order to be of any advantage to the plaintiff, must have constituted a submission of and finding upon every material issue (other than proximate cause) embraced in the particular ground of recovery governed by the principles of discovered peril. If any such issue was not therein attempted to be submitted, there having been no request by plaintiff for the submission thereof, it must be held to have been waived as support for the judgment. Same authorities.

■ Strange to say, the jury's answer to said special issue No. 11 was supported by the undisputed evidence. The truck driver himself testified, in effect, that he saw the car in time that by the use of the means at hand he could have stopped and avoided the collision. The fact that the issue as stated was one about which there was no real controversy is itself demonstrative that one or more essential issues to show liability upon the principle of discovered peril was omitted from the submission. The truck driver did not stop and thereby avoid the collision because, according to his testimony, after he saw the car, he thought, and had reason to think, that it was stopping so there would be no danger of a collision. As the issue was stated, the jury could not have answered it differently from the way they did, except by reading into the question something wholly omitted therefrom. The driver of the truck had the right of way. P.C.1925, art. 801(E). If the driver of the car and the plaintiff were unaware of the approach of the truck, there was a total absence of any evidence to show that the driver of the truck knew that fact, or had any reason to suspect it until just before they actually went out upon the highway. Plaintiff by her pleadings tendered as an issue that the driver of the truck did not see the car and predicated a charge of negligence upon that fact. This issue was found against the plaintiff. The mere fact that the driver of the truck saw the car was alone wholly immaterial upon the issues relating to discovered peril.

■■ In the asserted ground of liability based upon discovered peril one issue joined by the pleadings, if the pleadings were sufficient, which, there being no challenge thereof we assume, was whether the driver of the truck, after realizing that the Ford car in which plaintiff was riding was not going to stop thereby placing the occupants of said car in a position of peril, then had time by the use of the means at hand consistent with the safety of himself and the other occupants of the truck, to have avoided the collision. Another issue was whether, if so, he so used all means at hand. Still another was whether, if he failed to do so, such failure was negligence. We are inclined to think that an affirmative finding of all these issues would leave no room for the additional element of "proximate cause" as something different from "cause." There was, of course, no issue of fact that the collision was not avoided. It seems to us that the element of awareness of peril, essential to liability under the doctrine of discovered peril, supplies the element of anticipation of consequences, which constitutes the difference between a technical "proximate cause" and a simple "cause" of an injury. Under this view, if each of the three named issues had been submitted and found in favor of the plaintiff, we think the finding upon special issue No. 13 to the effect that the negligence found in special issue No. 11 was not the proximate cause of the collision and consequent injuries would have been in conflict therewith. But it is our conclusion that there is a total absence from special issue No. 11 of the first and second of the essential issues above stated. The issue as submitted did not call for any finding of whether the driver of the truck, after realizing that the Ford car was not going to stop, that being the only thing disclosed by the evidence to make the driver of the truck aware of a situation of peril, that thereafter the driver could by the use of any means available have avoided the accident. Likewise it called for no finding of whether the driver of the truck used the means at hand to avoid the collision. Without such issue determined in favor of the plaintiff, but, on the contrary waived, no other judgment could have been rendered than one for the defendants. Such issues being omitted from the issues submitted, the verdict upon special issue No. 13 was not in conflict therewith, and therefore not in conflict with any of the issues submitted.

■ We deem it wholly immaterial that the jury found there was no damage. Any error in finding the amount of damages, or in finding that there were no damages,

was rendered immaterial and harmless by the finding that there was no liability.

Being of the opinion that the judgment of the court below should be affirmed, it is accordingly so ordered.