George E. FOLEY, Appellant,

v.

Antonina J. FOLEY, Appellee.

No. 5492.

Court of Civil Appeals of Texas.

El Paso.

Nov. 1, 1961.

Marshall & Wendorf, El Paso, for appellant.

Pearson & Speer, El Paso, for appellee

LANGDON, Chief Justice.

This is an appeal from a judgment in a divorce suit filed by appellant, George E. Foley, against appellee, Antonina J. Foley, alleging cruelty as grounds therefor. Appellee denied all allegations of cruelty and, by way of an affirmative defense, plead condonation. The case was submitted to the jury on special issues. By its verdict the jury found that appellee was guilty of cruel treatment toward appellant, but also found that such acts and conduct on her part had been condoned by appellant. Based on the jury verdict, the trial court rendered judgment for appellee. Appellant's motion for judgment non obstante veredicto and his motion for new trial were overruled.

Appellant charges that the trial court erred: (1) in overruling his motion for

judgment non obstante veredicto and in refusing to disregard the jury's answer to Special Issue No. 2 (by which it was found that appellant had condoned the acts and conduct of appellee); and, (2), in refusing appellant's requested explanatory instruction regarding revival of condoned acts of cruelty.

Special Issue No. 2 and its accompanying instruction, as submitted by the trial court, read as follows:

"Question No. 2

"Do you find from a preponderance of the evidence that Mister Foley condoned the prior acts of Mrs. Foley, if any, alleged by him as a cause or ground of divorce, Answer 'Yes' or 'No.'

"We answer: Yes.

"You are instructed that condoning the prior acts means the conditional remission or forgiveness, by means of continuance or resumption of marital cohabitation, by one of the married parties of a known matrimonial offense committed by the other that would constitute a cause or ground of divorce, the conditional forgiveness being that such offense shall not be repeated."

Appellant's assertion that the trial court erred in refusing to disregard the jury's answer to Special Issue No. 2 is based, presumably, on the assumption that such issue was not properly submitted, and that the trial court's explanatory instruction regarding "condonation" was incorrectly stated. He contends on this appeal that there were other acts of cruelty on the part of appellee, subsequent to those found by the jury to have been condoned, and that such subsequent acts of misconduct or cruelty were sufficient to revive the previously condoned acts.

■■ The record before us reflects that appellant made only one written request in connection with the court's charge, and it was as follows:

"Plaintiff's Special Requested Issue

"Plaintiff would request an additional charge, in addition to Question No. 2, as follows, with an additional 'yes' or 'no' answer at the end of Question No. 2:

"In connection with the term 'conditional forgiveness' you are instructed that repetition of the acts of cruelty, if any, after a possible forgiveness or condonation, as above defined, acts to revive the misconduct, and this is so even though the new acts would not, taken alone, be sufficient to authorize a divorce. Therefore, if you find that Captain Foley condoned prior acts of misconduct of Mrs. Foley, but if, and only if, you find that after any condonation there were new acts of cruel treatment, excesses, and outrages perpetrated by Mrs. Foley, then you should answer 'No' to this question."

Certainly the foregoing does not constitute an objection or exception to the court's charge; neither does it satisfy the requirement that special requested issues be submitted to the court in "substantially" correct wording. If it be considered a request for an explanatory instruction (assuming the requested instruction is properly stated), it cannot serve as a predicate for a point of error, if refused by the court, unless such request is coupled with an objection.

■ The jury found that appellee was guilty of the acts and conduct charged, and that such acts and conduct constituted cruelty. It made no specific findings with respect to the specific acts alleged against her, and presumably it found in favor of appellant and against appellee on *all* such allegations. By the same token, the jury found that (all) such acts and conduct on the part of appellee had been condoned by appellant.

■ The ultimate issue sought to be established under appellant's pleading was

the question of whether appellee was guilty of cruel treatment. Although appellant plead various acts and conduct on the part of appellee as constituting cruelty, he made no request that each claimed act of cruelty or misconduct be submitted by separate issue, and he presented no such separate issues to the trial court for its approval or refusal. Consequently, the trial court very properly treated the various claimed acts charged against appellee as being evidentiary, and charged the jury, in Special Issue No. 1, to make its finding from preponderance of the evidence, on the single ultimate issue of cruelty, which issue was found by the jury in favor of appellant. Howell v. Howell, 147 Tex. 14, 210 S.W.2d 978 (S. Ct.1948).

In the absence of the jury finding (Special Issue No. 2) that Mr. Foley "condoned" the prior acts of Mrs. Foley, charged by him as constituting cruelty, appellant would have been entitled to a judgment of divorce on the jury answer to Special Issue No. 1.

■ We have carefully examined the record in this case and have concluded that the jury finding on the issue of condonation is quite adequately supported by the evidence. In such case it would have been improper for the trial court to have directed a verdict in favor of appellant; and, by the same token, since there was evidence to support the jury finding, it would have been error for the trial court to disregard the jury finding when such finding is supported, as we believe it was here, by the evidence. Rule 301, Texas Rules of Civil Procedure; Collier v. Hill & Hill Exterminators et al., Tex.Civ.App., 322 S.W.2d 329, 73 A.L.R.2d 1141.

Appellant's Point One is accordingly overruled.

Appellant's Point Two is based on the alleged error of the trial court in refusing appellant's requested explanatory instruction regarding revival of condoned acts of cruelty. The point is predicated upon the trial court's refusal to give "Plaintiff's Special Requested Issue." The transcript reflects that only one such request was made, and whether the request was for an additional special issue to be submitted or was, in fact, a request for a further explanatory instruction on the question of the revival of condoned acts of cruelty as appellant now contends, it does not, in our opinion, satisfy the rule (Rule 279, Texas Rules of Civil Procedure) which provides that the trial court's failure to submit an issue shall not be deemed a ground for reversal of the judgment nor shall its failure to submit a definition or explanatory instruction be deemed a ground for reversal, unless the submission of the issue, in substantially correct wording, or a substantially correct definition or instruction as the case may be, has been requested in writing and tendered by the party complaining of the judgment. Since appellant's requested special issue was not in substantially correct wording and does not meet the test of a "substantially correct definition or instruction", the trial court did not err in refusing to submit it.

■ Unless appellant's "Special Requested Issue", discussed above, be construed as an objection to the court's charge, it does not appear that appellant either objected or excepted to the court's charge as submitted. The law in Texas is well settled, even where it is assumed that a requested charge was more accurate than that given, that a request to give such special requested charge, not coupled with any objection to the form used by the court, will not be given effect as an objection to the issue, definition or explanatory instruction as submitted by the court. City of Dallas v. Priolo et ux., 150 Tex. 423, 242 S.W.2d 176, 178 (S.Ct.1951); Duff v. Roeser & Pendleton, Inc. et al., Tex.Civ.App., 96 S.W.2d 682; Isbell et al. v. Lennox et al., 116 Tex. 522, 295 S.W. 920 (S.Ct.1927).

In addition to the authorities cited above, Rule 273, Texas Rules of Civil Procedure, provides in part, as follows:

" * * * A request by either party for any instructions, special issues, definitions or explanatory instructions shall be made separate and apart from such party's objections to the court's charge."

We hold, therefore, that appellant's purported request for an explanatory instruction regarding the revival of condoned acts of cruelty was not sufficient to constitute an objection to the court's charge as given. Therefore, it may not be used as a predicate for appellant's Point Two, since we are required to assume that, if proper objection had been made, the trial court would have correctly submitted the instruction, if there was, in fact, error in the court's own submission thereof. Belzung v. Owl Taxi et al., Tex.Civ.App., 70 S.W.2d 288.

Appellant's Point Two is accordingly overruled, and the judgment of the trial court is affirmed.