**Mrs. Mary Oliver LYLES, Appellant,**

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

No. 4460.

Court of Civil Appeals of Texas.

Waco.

July 21, 1966.

Rehearing Denied Aug. 25, 1966.

See also Tex.Civ.App., 365 S.W.2d 819.

Phelps, Kilgarlin & Snell, Houston, for appellant.

Fulbright, Crooker, Freeman, Bates & Jaworski, Jerry V. Walker, Houston, for appellee.

## OPINION

WILSON, Justice.

The points in this workmen's compensation death case relate to the court's charge to the jury on "producing cause" of death, a comment by the trial judge concerning whether medical text books had been "accepted in evidence", and refusal to place witnesses "under the rule" as authorized by Rule 267, Texas Rules of Civil Procedure. Judgment was rendered against the carrier for temporary total incapacity

benefits and medical and hospital expenses prior to the employee's death.

The cause of death was controverted. Other facts were not in issue, and the court submitted one special issue: "Do you find from a preponderance of the evidence that the accidental injury of Monroe Lyles on July 13, 1959 was a producing cause of the death of Monroe Lyles?" The jury answered, "We do not."

The court defined "injury" as damage or harm to the physical structure of the body and such diseases or infection as naturally result therefrom, or the incitement, acceleration or aggravation of any disease previously or subsequently existing by reason of such damage or harm to the physical structure of the body." The term "producing cause" was defined as:

"That cause which in a natural and continuous sequence produces the death and without which the death would not have occurred."

There are no objections to the charge.

Plaintiff's requested definition: "By the term 'producing cause' is meant a cause which in a natural and continuous sequence, by itself, or in connection with other cause or causes, produces disability or death of a person, and without which such disability or death would not have occurred. There may be more than one producing cause", was refused.

■ Failure to object to a charge before submission waives the objection, under Rule 274, Texas Rules of Civil Procedure. Texas Emp. Ins. Ass'n v. Neuman, Tex. Sup., 379 S.W.2d 295; Allen v. American Nat. Ins. Co., Tex.Sup., 380 S.W.2d 604.

■ Although it is now well established, we repeat that under Rules 273, 274, 276, and the first paragraph of Rule 279, a *request* for submission is the method of pre-

serving the right to complain of *omission* of, or failure to submit an *issue* which is relied on by the *complaining party*. *Objection,* however, is the proper method of preserving complaint as to (1) an issue actually *submitted,* but claimed to be defective; or (2) *failure to submit,* where the ground of recovery or defense is *relied on by the opposing party.*

■ In the case of explanatory instructions and *definitions:* if they are *omitted,* under Rule 279 a *request* is prerequisite to complaint of the omission by any party, irrespective of reliance on an issue. Great American Indemnity Co. v. Sams, 142 Tex. 121, 176 S.W.2d 312, syl. 4; Yellow Cab and Baggage Company v. Green, 154 Tex. 330, 277 S.W.2d 92, 93.[1] If the *definition* is *given,* but is claimed to be *defective,* under Rule 274 *objection* is the means of preserving the complaint. Angelina Casualty Company v. Holt, Tex.Sup., 362 S.W.2d 99, 101. Texas Employers' Ins. Ass'n v. Mallard, 143 Tex. 77, 182 S.W.2d 1000, 1002.

■ A request for submission is not an available alternative to an objection as a means of pointing out a defect in, or preserving a complaint to a submitted definition or instruction. The request embodying an element omitted will not be given effect as an objection under Rule 274; City of Dallas v. Priolo, 150 Tex. 423, 242 S.W.2d 176, 179, syl. 4; Texas Employers' Insurance Ass'n v. Neuman, Tex.Sup., 379 S.W. 2d 295, 296; Stuckey v. Union Mortgage & Investment Company, Tex.Civ.App., 383 S.W.2d 429, 439, writ ref. n. r. e.; Foley, v. Foley, Tex.Civ.App., 350 S.W.2d 890, 892; Southwestern Settlement & Develop. Corp. v. State, Tex.Civ.App., 282 S.W.2d 78, 85, writ ref. n. r. e.; White v. Southwest Coaches, Tex.Civ.App., 292 S.W.2d 823; Hodges, Special Issue Submission, 154, 162. Appellants' complaint as to the element asserted to be omitted is not preserved by objection, and the points are overruled.

1. Cf. City of Austin v. Powell, 156 Tex. 610, 299 S.W.2d 273, where the issue omitted instruction on the burden of proof.

■ In response to an inquiry from the jury during deliberation as to which medical textbooks had been accepted in evidence, the court answered: "You are instructed that none of the textbooks were accepted in evidence." Excerpts from books had been read to medical witnesses on cross-examination by appellant's counsel to discredit their testimony, and they had been asked whether they agreed with the statements read. In many instances they testified they did agree. In some cases they declined to recognize works as authoritative. The books had not been "accepted in evidence", and the answer given to the jury was correct. The point does not reflect error. Bowles v. Bourdon, 148 Tex. 1, 219 S.W.2d 779; Texas Employers' Insurance Association v. Nixon, Tex.Civ.App., 328 S.W.2d 809, 811, writ ref. n. r. e.

■ Refusal to invoke "the rule" as to medical witnesses under Rule 267 was not an abuse of discretion. Stedman Fruit Co. v. Smith, Tex.Civ.App., 28 S.W.2d 622, 630, writ dism.; Medrano v. City of El Paso, Tex.Civ.App., 231 S.W.2d 514; Texas Roofing Co. v. Whiteside, Tex.Civ.App., 385 S.W.2d 699, writ ref. n. r. e.; McDonald, Texas Civil Practice, Sec. 11.17.

Affirmed.