Vicki Lea JOHNSON, Appellant,

v.

Gregory Paul JOHNSON, Appellee.

No. 11–92–192–CV.

Court of Appeals of Texas,
Eastland.

Nov. 18, 1993.

Rehearing Denied Dec. 23, 1993.

Matthew E. Ritchie, Tom McIlhany, James D. Norvell, Norvell & Associates, Malcolm Schulz, Schulz & Robertson, Abilene, for appellant.

Gary Connally, Abilene, Gerald Brantley, Austin, Martin L. Peterson, Stephenville, for appellee.

## OPINION

McCLOUD, Chief Justice.

Vicki Lea Johnson sued her former husband, Gregory Paul Johnson, for damages resulting from an assault allegedly committed by Gregory on November 29, 1987. The jury returned the following findings: (1) Gregory assaulted Vicki; (2) Vicki's injuries were *not* the "natural and direct result" of the assault; (3) Gregory did not act in self-defense; (4) Vicki should recover a total of $66,000 as compensatory damages for inju-

ries resulting from the occurrence; and (5) Vicki should recover $100,000 as exemplary damages. The trial court entered judgment for Gregory. Vicki appeals. We reverse and remand.

In Points of Error Nos. 1 and 2, Vicki complains that the trial court erred in refusing her amended motion for judgment on the verdict because the jury's finding on Question No. 2 was immaterial and should have been disregarded. She argues that there is an apparent conflict between the jury's answer to Question No. 2 (that Vicki's injuries were not the natural and direct result of the assault) and the jury's answer to Question No. 4 regarding damages.[1] To reconcile this conflict, she contends that Question No. 2 should have been disregarded as immaterial, leaving the jury's response to Question No. 4 as controlling on the causation issue. According to Vicki, Question No. 2 is immaterial because it "did not limit the inquiry to injuries caused by the assault in question but forced the jury to determine whether *all* of [her] injuries, whether caused by prior assaults or other events, were 'the natural and direct result' of the assault in question."

■ A trial court may disregard a jury finding if the question is immaterial. A question in a jury charge is immaterial when the issue should not have been submitted or, though properly submitted, when it has been rendered immaterial by other findings. *Spencer v. Eagle Star Insurance Company of America*, 860 S.W.2d 868, 870 (Tex.1993); *C. & R. Transport, Inc. v. Campbell*, 406 S.W.2d 191, 194 (Tex.1966); see also 5 ROY W. MCDONALD, TEXAS CIVIL PRACTICE § 27.69[b] (rev. 1992).

■ We disagree with Vicki's contention that Question No. 2 was immaterial. In order to recover compensatory damages for the assault, it was necessary that Vicki secure a jury finding that she sustained injuries as a result of the assault. *Howard v. Howard*, 102 S.W.2d 473 (Tex.Civ.App.—Austin 1937,

1. Question No. 4 inquired:
   What sum of money, if paid now in cash, would fairly and reasonably compensate Vicki Lea Johnson for her injuries, if any, that resulted from the occurrence in question?

The jury responded as follows: (1) $50,000 for physical pain and mental anguish; (2) $0 for loss of earning capacity; (3) $0 for physical impairment; (4) $15,000 for medical care; and (5) $1,000 for the loss of an earring.

writ ref'd). Therefore, Question No. 2 submitted an essential element of her cause of action and was not immaterial. See *Spencer v. Eagle Star Insurance Company of America*, supra. Question No. 2 may have been defective, but it was not immaterial. The trial court did not err in refusing to disregard the jury's answer.

Because the jury's answer to Question No. 2 was a finding of no liability, the jury's answer to the question on damages is immaterial. *Larrumbide v. Doctors Health Facilities*, 734 S.W.2d 685 (Tex.App.—Dallas 1987, writ den'd); *Griffin v. Phillips*, 542 S.W.2d 432 (Tex.Civ.App.—Eastland 1976, writ ref'd n.r.e.); *Ruiz v. Flexonics*, 517 S.W.2d 853 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.). Points of Error Nos. 1 and 2 are overruled.

In Point of Error No. 4, Vicki argues that the trial court submitted an erroneous question on causation and that the court should have submitted her substantially correct question and definition of proximate cause. We first consider whether Vicki has preserved her complaint for appellate review.

The trial court submitted the following question on causation:

### QUESTION NO. 2

Do you find from the preponderance of the evidence that Vicki Lea Johnson's injuries, if any, were the natural and direct result of the assault, if any?

ANSWER: "We do" or "We do not."

Vicki objected to this question on the ground that the question used an improper standard of causation because it did not allow the jury to consider whether the assault may have caused foreseeable, consequential injuries. The trial judge overruled her objection. Additionally, Vicki filed a handwritten request for a question on proximate cause. However, the judge neither endorsed the request "refused" nor signed it. Vicki also filed a written request for a definition of proximate cause. The judge endorsed this request "refused" and signed it.

Gregory contends that Vicki did not properly preserve error because she did not obtain the judge's endorsement and signature on her requested question in accordance with TEX.R.CIV.P. 276. We disagree.

Vicki's point of error states that the trial court erred by "failing to submit" her question and definition of proximate cause. However, because the trial court did submit a question on causation, we recognize that the substance of her complaint on appeal is that the trial court erred by submitting a defective question on causation, not that the court erred by failing to submit a question on causation. Her point of error and argument thereunder has sufficiently brought the nature of her complaint to this court's attention. See TEX.R.APP.P. 74(d); *Fambrough v. Wagley*, 140 Tex. 577, 169 S.W.2d 478 (1943).

Vicki complains that the question on causation actually submitted in the charge was defective. If a question on causation had not been submitted, Vicki would have had to request a question in substantially correct form, and the request would have had to have been endorsed and signed by the trial judge in order to preserve error. See TEX.R.CIV.P. 276, 278. However, a request is not required to preserve error as to a defective submission. Under TEX.R.CIV.P. 274, the proper method of preserving error as to a question, definition, or instruction actually submitted is by objection, regardless of whether the issue is relied upon by the complaining party. See *Spencer v. Eagle Star Insurance Company of America*, supra; *Religious of the Sacred Heart of Texas v. City of Houston*, 836 S.W.2d 606 (Tex.1992); *Hernandez v. Montgomery Ward & Co.*, 652 S.W.2d 923 (Tex.1983); *State v. Munday Enterprises*, 824 S.W.2d 643 (Tex.App.—Austin 1992, writ requested); *Atex Pipe & Supply, Inc. v. Sesco Production Co.*, 736 S.W.2d 914 (Tex.App.—Tyler 1987, writ den'd); *Lyles v. Texas Employers' Insurance Association*, 405 S.W.2d 725 (Tex.Civ.App.—Waco 1966, writ ref'd n.r.e.). Therefore, Vicki has preserved her complaint by specifically objecting to the question that was submitted.

The victim of an assault may recover for injuries directly and immediately resulting from the assault whether or not those injuries might have been foreseen because the law presumes that anyone who intention-

ally assaults another intends the direct and immediate consequences of the assault. See *Thompson v. Hodges,* 237 S.W.2d 757 (Tex. Civ.App.—San Antonio 1951, writ ref'd n.r.e.); *Eastern Texas Electric Co. v. Baker,* 238 S.W. 335 (Tex.Civ.App.—Beaumont 1922), *rev'd on other grounds,* 254 S.W. 933 (Tex.Comm'n App.1923, holding approved and judgm't adopted). The victim may also recover for consequential injuries not directly and immediately caused by the assault if those injuries were a reasonably foreseeable result of the assault. *Sitton v. American Title Company of Dallas,* 396 S.W.2d 899 (Tex.Civ.App.—Dallas 1965, writ ref'd n.r.e.). In *Sitton,* the Dallas Court stated:

> In the case of willful torts the wrongdoer is responsible for *the direct and immediate consequences* regardless of whether they might have been contemplated, foreseen, or expected. Where the act is criminal or unlawful, the wrongdoer is held liable not only for immediate and natural consequences but for all such consequential injuries *as might reasonably be anticipated as the probable result of the wrongful act.* (Emphasis in original)

See also WILLIAM V. DORSANEO, 14 TEXAS LITIGATION GUIDE § 330.05[1] (1993).

Question No. 2 limited Vicki's recovery to injuries naturally and directly resulting from the assault and did not specifically include consequential injuries. Vicki sought recovery for consequential or special injuries that were not the direct, immediate, and natural result of the assault. Question No. 2 did not permit the jury to determine whether the assault caused consequential or special injuries that could reasonably have been anticipated as the probable result of the assault.

The trial court erred when it overruled Vicki's objection to Question No. 2. Point of Error No. 4 is sustained. We do not reach the remaining points and cross-points of error. See TEX.R.APP.P. 90(a).

The judgment of the trial court is reversed, and the cause is remanded for a new trial.