110 S.W.3d 553 (2003)
In the Matter of A.A.B., a Juvenile.
No. 10-00-035-CV.
Court of Appeals of Texas, Waco.
June 11, 2003.
*554 Jeffrey A. Kearney, Kearney Law Firm, Ft. Worth, for appellant/relator.
Bill Moore, County Atty. for Johnson County, Cleburne, for appellee/respondent.
Before Chief Justice DAVIS, Justice VANCE, and JUSTICE Gray.

OPINION
REX D. DAVIS, Chief Justice.
A jury adjudicated A.A.B. delinquent for stabbing another juvenile, B.J.T. The court assessed punishment at twenty-one months' probation. A.A.B. claims in three points that the court erred by: 1) placing the burden of proving self-defense on him; and 2) improperly excluding evidence that B.J.T. was suspended from school for fighting at the time of the altercation in question (two points).

BACKGROUND
A.A.B. and B.J.T. were involved in several altercations. Their fathers agreed that the boys should settle their differences by "fighting it out." The fathers ended the fight after several minutes and called it a "draw." However, the "fight" did not end the animosity between the two *555 youths. The stabbing took place two months after the arranged fight.
The facts are undisputed that, on the day of the incident, B.J.T. approached A.A.B. and asked him about an incident between A.A.B. and B.J.T.'s sister. A.A.B. pulled out a three and a half inch long knife and stabbed B.J.T. The facts are disputed, however, as to who struck first. A.A.B. contends that B.J.T. approached him and "got in his face." A.A.B. testified that B.J.T., who is much larger than A.A.B., punched him in the face, and as B.J.T. advanced again, he stabbed B.J.T. with the knife. B.J.T. admits that he approached A.A.B. but denies that he threw the first punch. As a result of the incident B.J.T. required several hours of surgery and thirty-six staples to close the wound.

SELF-DEFENSE INSTRUCTION
A.A.B. argues in his first point that the jury question on self-defense improperly placed the burden of proof on him. The court properly instructed the jury in the charge that the State bore the burden of disproving beyond a reasonable doubt that A.A.B. acted in self-defense. See Green v. State, 891 S.W.2d 289, 296 (Tex.App.-Houston [1st Dist.] 1994, pet. ref'd). However, the specific question submitted to the jury on the issue of self-defense made no reference to the State's burden of proof.[1] A.A.B. contends that, because the question does not repeat the court's prior instructions regarding the State's burden of proof, it improperly places the burden of proof on him to prove self-defense.
A.A.B. did not submit a written request for an instruction (or question) on self-defense. The trial court tendered a proposed charge for the parties' consideration. When the court asked for objections to the charge, A.A.B.'s counsel stated, "We have no objection."

WHAT LAW GOVERNS THE JURY CHARGE?
Section 51.17 of the Juvenile Justice Code sets out the procedural and evidentiary rules and statutes which govern in juvenile proceedings.
§ 51.17. Procedure and Evidence
(a) Except for the burden of proof to be borne by the state in adjudicating a child to be delinquent or in need of supervision under Section 54.03(f) or otherwise when in conflict with a provision of this title, the Texas Rules of Civil Procedure govern proceedings under this title.
(b) Discovery in a proceeding under this title is governed by the Code of Criminal Procedure and by case decisions in criminal cases.
(c) Except as otherwise provided by this title, the Texas Rules of Evidence applicable to criminal cases and Chapter 38, Code of Criminal Procedure, apply in a judicial proceeding under this title.
Tex. Fam.Code. Ann. § 51.17 (Vernon 2002).
The Juvenile Justice Code does not have a specific provision governing the *556 jury charge. Therefore, it appears that the Rules of Civil Procedure govern the charge in a juvenile delinquency proceeding. E.g., State v. Santana, 444 S.W.2d 614, 615 (Tex.1969); P.L.W. v. State, 851 S.W.2d 383, 386-87 (Tex.App.-San Antonio 1993, no writ).
Texas courts have rejected efforts to apply provisions of the Code of Criminal Procedure not identified in section 51.17 to juvenile proceedings. See In re S.J.C., 533 S.W.2d 746, 748-49 (Tex.) (article 38.19 requirement that accomplice's testimony be corroborated does not apply to juvenile proceedings), cert. denied sub. nom. Chavez v. Texas, 429 U.S. 835, 97 S.Ct. 101, 50 L.Ed.2d 100 (1976);[2]In re J.A.W., 976 S.W.2d 260, 264 (Tex.App.-San Antonio 1998, no pet.) (article 36.02 provision for reopening of evidence in criminal case does not apply to juvenile proceedings); but see In re M.A.F., 966 S.W.2d 448, 450 (Tex. 1998) ("Because Rule 30(b)[3] is in the nature of a rule of evidence, the Family Code extends its applicability to juvenile proceedings.").
Nevertheless, this Court and two others have applied the analysis of the Court of Criminal Appeals set forth in Almanza v. State to jury charge issues raised in juvenile delinquency appeals. See In re M.E.R., 995 S.W.2d 287, 291 (Tex.App.-Waco 1999, no pet.) (citing Almanza, 686 S.W.2d 157, 172 (Tex.Crim. App.1985) (op. on reh'g)); In re E.F., 986 S.W.2d 806, 810 (Tex.App.-Austin 1999, pet. denied); (In re K.W.G., 953 S.W.2d 483, 488 (Tex.App.-Texarkana 1997, pet. denied)). In Almanza, the Court of Criminal Appeals provided its interpretation of the "`harm' standard[s] set out in Article 36.19 [of the Code of Criminal Procedure]."[4]Posey v. State, 966 S.W.2d 57, 60 (Tex.Crim.App.1998). However, chapter 36 of the Code of Criminal Procedure does not apply to juvenile proceedings. Cf. S.J.C., 533 S.W.2d at 748-49; J.A.W., 976 S.W.2d at 264.
Neither this Court nor the Austin court discussed at length its reasoning in applying Almanza to a juvenile appeal. The Texarkana court determined that Almanza applies because "charging errors affect the substantive rights of juveniles." K.W.G., 953 S.W.2d at 488 (citing In re Winship, 397 U.S. 358, 368, 90 S.Ct. 1068, 1075, 25 L.Ed.2d 368, 377-78 (1970) ("the constitutional safeguard of proof beyond a reasonable *557 doubt is as much required during the adjudicatory stage of a delinquency proceeding as are those constitutional safeguards applied in Gault[5]notice of charges, right to counsel, the rights of confrontation and examination, and the privilege against self-incrimination")). However, this could be said of virtually any procedural error which occurs in a juvenile proceeding.
We have no reason to believe that the substantive rights of a juvenile cannot be adequately protected by applying the requirements of the Rules of Civil Procedure to jury charges in such cases. A comparison of the pertinent provisions of the Code of Criminal Procedure and the Rules of Civil Procedure bears this out.
Under the Code of Criminal Procedure, a defendant generally must object in writing or by dictating the objection on the record to preserve charge errors for appellate review.[6]See Tex.Code Crim. Proc. Ann. art. 36.14 (Vernon Supp.2003); Posey, 966 S.W.2d at 61 & n. 8. A defendant may also preserve charge error by submitting a requested instruction in writing or by dictating it on the record. See Tex.Code Crim. Proc. Ann. art. 36.15 (Vernon Supp. 2003).
"[I]f no proper objection [or request] was made at trial and the accused must claim that the error was `fundamental,' he will obtain a reversal only if the error is so egregious and created such harm that he `has not had a fair and impartial trial'in short `egregious harm.'" Almanza, 686 S.W.2d at 171 (quoting Tex.Code Crim. Proc. Ann. 36.19). Thus, an unpreserved charge error in a criminal case will require reversal only when it rises to the level of "fundamental error." Id. at 171-72; accord Jimenez v. State, 32 S.W.3d 233, 238 (Tex.Crim.App. 2000) ("Article 36.19 establishes the standard for fundamental error in the court's charge").
The Rules of Civil Procedure similarly require an objection or request to preserve charge errors for appellate review. See State Dep't of Highways & Pub. Transp. v. Payne, 838 S.W.2d 235, 240 (Tex.1992); D.S.A., Inc. v. Hillsboro Indep. Sch. Dist., 975 S.W.2d 1, 19 (Tex. App.-Waco 1997), rev'd on other grounds, 973 S.W.2d 662 (Tex.1998). When an objection is required, it must be made in writing or dictated on the record. See Tex.R. Civ. P. 272. Requests for particular questions, definitions or instructions must be made in writing. Id. 278; see also id. 273 ("requests shall be prepared and presented"), 276 (if trial judge refuses request, "the judge shall endorse thereon `Refused'"); Alaniz v. Jones & Neuse, Inc., 907 S.W.2d 450, 451 (Tex.1995) (per curiam).
Under the civil rules, an objection preserves for appellate review any error contained in the court's charge as submitted. See Tex.R. Civ. P. 272; Religious of the Sacred Heart v. City of Houston, 836 S.W.2d 606, 613-14 (Tex.1992) (citing Lyles v. Texas Employers' Ins. Assn., 405 S.W.2d 725, 727 (Tex.Civ.App.-Waco 1966, writ ref'd n.r.e.)); Johnson v. Johnson, 869 *558 S.W.2d 490, 492 (Tex.App.-Eastland 1993, writ denied). Conversely, a party must tender a written request to preserve error regarding an omission from the charge unless the omitted matter is a question "relied upon by the opposing party." See Tex.R. Civ. P. 278; Huckaby v. A.G. Perry & Son, Inc., 20 S.W.3d 194, 201 (Tex.App.-Texarkana 2000, pet. denied). If a question "relied upon by the opposing party" is omitted from the charge, an objection is sufficient to preserve error. See Tex.R. Civ. P. 278; Religious of the Sacred Heart, 836 S.W.2d at 614; Lyles, 405 S.W.2d at 727.
An appellant cannot obtain reversal of a civil judgment on the basis of errors in the charge which have not been preserved by objection or request unless such errors rise to the level of "fundamental error." See Santana, 444 S.W.2d at 615; Casteel-Diebolt v. Diebolt, 912 S.W.2d 302, 304 (Tex.App.-Houston [14th Dist.] 1995, no writ). In this context, an error is considered "fundamental" when it "directly and adversely affects the interest of the public generally, as that interest is declared in the statutes or Constitution of this state." Ramsey v. Dunlop, 146 Tex. 196, 202, 205 S.W.2d 979, 983 (1947) (cited by Santana, 444 S.W.2d at 615); accord In re C.O.S., 988 S.W.2d 760, 765 (Tex.1999).
To summarize, both the Code of Criminal Procedure and the Rules of Civil Procedure require an objection or request to preserve charge errors for appellate review. Under both, unpreserved charge error will not require reversal unless it rises to the level of "fundamental error." Accordingly, we conclude that the application of the Rules of Civil Procedure governing the jury charge in a juvenile delinquency proceeding does not adversely "affect the substantive rights of juveniles." See K.W.G., 953 S.W.2d at 488. Therefore, we disavow that portion of M.E.R. in which we held that Almanza applies to jury charge issues in juvenile delinquency appeals.[7]

WAS ERROR PRESERVED?
A.A.B. contends that the self-defense question was erroneous as submitted. Thus, he was required to object to preserve this contention for appellate review. See Tex.R. Civ. P. 272; Religious of the Sacred Heart, 836 S.W.2d at 613-14; Johnson, 869 S.W.2d at 492; Lyles, 405 S.W.2d at 727. He did not.

DOES THE QUESTION VIOLATE AN "ABSOLUTE REQUIREMENT OR PROHIBITION"?
The Supreme Court has concluded that the violation of certain "absolute requirements and prohibitions" cannot be procedurally defaulted. See C.O.S., 988 S.W.2d at 765 (citing Ieppert v. State, 908 S.W.2d 217, 219 (Tex.Crim.App.1995)); see also Marin v. State, 851 S.W.2d 275, 279 (Tex. Crim.App.1993). We have referred to these as "category one" rights in the Marin formulation.[8]See Webb v. State, 899 S.W.2d 814, 818 (Tex.App.-Waco 1995, pet. ref'd); accord Barrera v. State, 978 S.W.2d *559 665, 670 (Tex.App.-Corpus Christi 1998, pet. ref'd). The Court of Criminal Appeals has included within category one rights "laws affecting the jurisdiction of the courts" and the "nonjurisdictional principles of due process and separation of powers." Marin, 851 S.W.2d at 279.
Conversely, the Court of Criminal Appeals has held that errors in the charge do not fall within category one and must be preserved by trial objection for appellate review. See Jimenez, 32 S.W.3d at 235-39; see also Posey, 966 S.W.2d at 62 (article 36.14 does not require sua sponte submission of unrequested defensive issues); Hall v. State, 937 S.W.2d 580, 586 (Tex. App.-Texarkana 1996, pet. ref'd) (right to jury charge on accomplice testimony can be implemented only on defendant's request).
Accordingly, we conclude that the erroneous submission of a defensive issue in the charge does not fall within that category of "absolute requirements and prohibitions" which cannot be procedurally defaulted. See C.O.S., 988 S.W.2d at 765; see also Jimenez, 32 S.W.3d at 235-39; Hall, 937 S.W.2d at 586.

DOES THE QUESTION PRESENT "FUNDAMENTAL ERROR"?
An unpreserved charge error will require reversal if it rises to the level of "fundamental error." See Santana, 444 S.W.2d at 615; Casteel-Diebolt, 912 S.W.2d at 304. In Santana, the jury charge permitted an adjudication based on a preponderance of the evidence (rather than beyond a reasonable doubt as required by Winship[9]). 444 S.W.2d at 615. The Supreme Court excused the juvenile's failure to object to the court's charge and his failure to request a reasonable doubt instruction on the basis that the charge constituted "fundamental error." Id. The self-defense question in A.A.B.'s charge does not present error of this magnitude.
The court instructed the jury that the State bore the burden of proving beyond a reasonable doubt that A.A.B. had engaged in delinquent conduct. The court further instructed the jury that it must acquit A.A.B. if the jurors had a reasonable doubt regarding self-defense. These instructions properly placed the burden of proof on the State. See Green, 891 S.W.2d at 296. They likewise satisfied the requirement of section 54.03(f) of the Juvenile Justice Code that the jury "be instructed that the burden is on the state to prove that a child has engaged in delinquent conduct ... beyond a reasonable doubt." Tex. Fam.Code. Ann. § 54.03(f) (Vernon 2002).
The general instructions in the charge provided the following pertinent strictures for the jury, "[I]n matters of law, you must be governed by the instruction[s] in this charge.... I shall now give you additional instructions which you should carefully and strictly follow during your deliberations." The charge further provided, "In arriving at your answers, consider only the evidence introduced here under oath ... together with the law as given you by the Court."
The charge admonished the jurors of the importance of following the instructions contained therein:

*560 These instructions are given you because your conduct is subject to review the same as that of the witnesses, parties, attorneys, and the judge. If it should be found that you have disregarded any of these instructions, it will be jury misconduct and it may require another trial by another jury; then all of our time would have been wasted.
The presiding juror or any other who observes a violation of the Court's instructions shall immediately warn the one who is violating the same and caution the juror not to do so again.
The State in its closing argument never attempted to shift the burden of proof to A.A.B. on the issue of self-defense. The jury never indicated that it had any confusion about who bore the burden of proof on this issue.
The court properly instructed the jury regarding the State's burden of proof on the issue of self-defense. We must presume that the jury followed the court's instructions. See Lancaster v. Fitch, 112 Tex. 293, 298, 246 S.W. 1015, 1016 (1923); Volkswagen of Am., Inc. v. Ramirez, 79 S.W.3d 113, 127-28 (Tex.App.-Corpus Christi 2002, pet. granted);[10]Rendon v. Avance, 67 S.W.3d 303, 311 (Tex.App.-Fort Worth 2001, pet. granted w.r.m.); In re J.F., 948 S.W.2d 807, 809 (Tex.App.-San Antonio 1997, no writ).
Assuming without deciding that the self-defense question was erroneous to the extent that it did not specifically place the burden of proof on the State, we conclude that such error did not rise to the level of "fundamental error."
For the foregoing reasons, we overrule A.A.B.'s first point.

EXCLUDED EVIDENCE
A.A.B. argues in points two and three that the trial court improperly excluded evidence of B.J.T.'s propensity for fighting. A.A.B. attempted to introduce evidence that B.J.T. was suspended from school for fighting on the date of the incident in question. A.A.B. proffered this evidence through cross-examination of B.J.T. and direct testimony from the school principal.
A.A.B. argues that this propensity evidence is admissible under Rule of Evidence 404(a)(2) to show that B.J.T. was the first aggressor. See Tex.R. Evid. 404(a)(2). Rule 404(a)(2) provides that an accused may offer evidence of a pertinent character trait of the victim.[11]Id. A.A.B. contends that Rule 404(a)(2) represents a codification of the Dempsey line of cases, which permitted a defendant who claimed self-defense to introduce evidence of the victim's reputation for violent character and prior acts of violent misconduct by the victim to establish the reasonableness of the defendant's claim of apprehension or to establish that the victim was the first aggressor. See Tate v. State, 981 S.W.2d 189, 192 (Tex.Crim.App.1998) (citing Dempsey v. State, 159 Tex.Crim. 602, 266 S.W.2d 875 (1954)).
However, the Rules of Evidence superceded Dempsey. See Mozon v. State, 991 S.W.2d 841, 845 (Tex.Crim.App. 1999). Under Rule 405(a), a defendant may offer evidence of the violent character of a victim only through reputation or opinion testimony. See Martinez v. State, *561 17 S.W.3d 677, 687 (Tex.Crim.App.2000); Tate, 981 S.W.2d at 192. Rule 405(b) permits the introduction of specific instances of conduct when the actor's character "is an essential element of a charge, claim or defense." Tex.R. Evid. 405(b). However, "a victim's character is not an essential element of a claim of self-defense." Tate, 981 S.W.2d at 192 n. 5.[12]
Although specific instances of violent misconduct by the victim are not admissible under Rule 405(b), they may be admissible under Rule 404(b) for other purposes. E.g., Mozon, 991 S.W.2d at 846 (victim's extraneous acts relevant to show defendant's state of mind); Tate, 981 S.W.2d at 193 (victim's uncommunicated threat relevant to show victim's intent or motive at time of altercation). However, A.A.B. did not assert Rule 404(b) as a basis for admitting the evidence at issue.
Accordingly, we overrule his second and third points and affirm the judgment.
Justice BILL VANCE, concurring.
BILL VANCE, Justice, concurring.
I am not ready to abandon our decision in In re M.E.R. to apply Almanza to the charge in juvenile cases. Almanza v. State, 686 S.W.2d 157, 172 (Tex.Crim.App. 1985) (op. on reh'g); In re M.E.R., 995 S.W.2d 287, 291 (Tex.App.-Waco 1999, no pet.).
We specifically asked the parties to brief the question. The State's brief on resubmission says: "The State responds that the criminal rules should apply based on the analysis of In re C.O.S., [988 S.W.2d 760 (Tex.1999)], In re A.V., [57 S.W.3d 51 (Tex.App.-Waco 2001, no pet.)], In re M.E.R., [995 S.W.2d at 291], In re K.W.G., [953 S.W.2d 483 (Tex.App.-Texarkana 1997, pet. denied)], In re E.F., [986 S.W.2d 806 (Tex.App.-Austin 1999, pet. denied)], In re C.P., [998 S.W.2d 703 (Tex.App.-Waco 1999, no pet.)], and R.X.F. v. State, [921 S.W.2d 888 (Tex.App.-Waco 1996, no writ)]." I believe the State's analysis of the issue is correct.
Having stated my disagreement with the majority's position about that, I concur in the judgment because, considering the charge in its entirety, I do not believe that A.A.B. has demonstrated that he was "egregiously harmed." See Almanza, 686 S.W.2d at 171.
NOTES
[1] We question the necessity of a separate question on the issue of self-defense. Under the criminal law, a trial court does not submit "special issues" on matters such as self-defense. See TEX.CODE CRIM. PROC. ANN. art. 37.07, § 1(a) (Vernon 1981) ("The verdict in every criminal action must be general."). The civil rules (which we hereinafter conclude govern the charge in juvenile delinquency proceedings) require broad-form submission "whenever feasible." See Tex.R. Civ. P. 277. Nevertheless, appellant does not challenge this aspect of the charge. Accordingly, we do not address this issue. See Allright, Inc. v. Pearson, 735 S.W.2d 240, 240 (Tex.1987) (per curiam) ("It is error for a court of appeals to consider unassigned points of error."); Cotton v. Cotton, 57 S.W.3d 506, 509 (Tex.App.-Waco 2001, no pet.).
[2] The Legislature overruled In re S.J.C. in 1995 when it amended section 51.17 by adding subsection (c). See Act of May 27, 1995, 74th Leg, R.S., ch. 262, § 14, 1995 Tex. Gen. Laws 2517, 2524. The statute formerly provided:

Except when in conflict with a provision of this title, the Texas Rules of Civil Procedure govern proceedings under this title. Particular reference is made to the burden of proof to be borne by the state in adjudicating a child to be delinquent or in need of supervision.
Act of May 25, 1973, 63d Leg., R.S., ch. 544, § 1, sec. 51.17, 1973 Tex. Gen. Laws 1460, 1469 (amended 1995).
[3] Former Rule of Appellate Procedure 30(b) provided the grounds for which a new trial could be granted in a criminal case. See TEX.R.APP. P. 30(b), 707-708 S.W.2d (Tex. Cases) xlviii-xlix (Tex.Crim.App.1986, amended 1997) (current version at Tex.R.App. P. 21.3).
[4] Article 36.19 provides:

Whenever it appears by the record in any criminal action upon appeal that any requirement of Articles 36.14, 36.15, 36.16, 36.17 and 36.18 has been disregarded, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial. All objections to the charge and to the refusal of special charges shall be made at the time of the trial.
Tex.Code Crim. Proc. Ann. art. 36.19 (Vernon 1981).
[5] In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).
[6] A defendant need not object when a trial court omits an instruction regarding the "law applicable to the case" to preserve such error. See Huizar v. State, 12 S.W.3d 479, 484 (Tex. Crim.App.2000). However, a defensive issue (such as self-defense) does not constitute the law "applicable to the case" "unless the defendant timely requests the issue or objects to the omission of the issue in the jury charge." Posey v. State, 966 S.W.2d 57, 62 (Tex.Crim. App.1998); accord Huizar, 12 S.W.3d at 484 n. 7.
[7] A.A.B. is not harmed by our decision to disavow this aspect of M.E.R. He suffered no "egregious harm" as a result of the error complained of. See Almanza v. State, 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (op. on reh'g); In re M.E.R., 995 S.W.2d 287, 291 (Tex.App.-Waco 1999, no pet.).
[8] The Court of Criminal Appeals identified three categories of rights in Marin:

(1) absolute requirements and prohibitions;
(2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of litigants which are to be implemented upon request.
Marin v. State, 851 S.W.2d 275, 279 (Tex. Crim.App.1993).
[9] In re Winship, 397 U.S. 358, 368, 90 S.Ct. 1068, 1075, 25 L.Ed.2d 368, 377-78 (1970) ("the constitutional safeguard of proof beyond a reasonable doubt is ... required during the adjudicatory stage of a delinquency proceeding"). The Legislature subsequently codified Winship. See Tex. Fam.Code. Ann. § 54.03(f) (Vernon 2002) ("The child shall be presumed to be innocent of the charges against the child and no finding that a child has engaged in delinquent conduct or conduct indicating a need for supervision may be returned unless the state has proved such beyond a reasonable doubt.").
[10] The Supreme Court has granted review in Volkswagen of America on other grounds. See Volkswagen of Am., Inc. v. Ramirez, 46 Tex. Sup.Ct. J. 489, 490-91, 79 S.W.3d 113 (Mar. 6, 2003) (order granting review).
[11] "[T]he Texas Rules of Evidence applicable to criminal cases" apply in juvenile delinquency proceedings. Tex. Fam.Code. Ann. § 51.17(c) (Vernon 2002).
[12] In holding that a victim's character is not an essential element of a self-defense claim, the Court of Criminal Appeals expressly disavowed the holding by the First Court of Appeals to the contrary. See Tate v. State, 981 S.W.2d 189, 192 n. 5 (Tex.Crim.App.1998) (disapproving Gonzales v. State, 838 S.W.2d 848, 859 (Tex.App.-Houston [1st Dist.] 1992), pet. dism'd, improvidently granted, 864 S.W.2d 522 (Tex.Crim.App.1993) (per curiam)). Gonzales is one of the authorities on which A.A.B. relies.